## BANK OF ST. ALBANS *vs.* GILLILAND & RAYMOND.

Where a *partner* procures a note to be made to his firm as accommodation paper, and transfers it *for his sole benefit* in the partnership name, a *copartner*, although wholly ignorant of the transaction, is liable to a *third endorsee.*

On proof of the manner in which the note in this case was created and put into circulation, the holder was required to show that he received it *bona fide*, and for a valuable consideration.

Receiving a note for a *precedent debt* is receiving it *for value* within the law merchant, if it be taken *in satisfaction* of such *precedent debt* and the indebtedness be cancelled.

Whether the declarations of the partner that he procured the note to be made *for his own benefit,* be competent evidence of the fact so as to require proof of consideration, unless followed up by proof that it was *actually used* for his *individual* benefit, *quere.*

THIS was an action of *assumpsit*, brought for the recovery of the amount of a promissory note from the defendants, *the payees    [ *312 ] and first endorsers thereof, tried at the New-York circuit in March, 1839, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The note bears date 5th April, 1837, at New-York, purports to have been made by J. & J. Raymond for the sum of $1343,63, and is payable to John L. Gilliland & Co. three months after date. It was endorsed in the name of the payees to the order of Messrs. *Bullock, Lyman & Co.* who endorsed it to James Mowatt without recourse, and by him it was endorsed to the *bearer without recourse.* When due, the note was protested for non-payment. The firm of the makers of the note consisted of *John and James Raymond,* and the firm of the payees consisted of *John L. Gilliland and William Raymond.* On the trial of the cause, the defendant Gilliland called *John Raymond* as a witness, who testified that he drew the note in the name of his firm at the re-

quest of *William Raymond*, who had applied to him to borrow the note, telling him that he wanted it *for his own use and benefit*, *Gilliland* being at the time in Europe ; and that he accordingly lent the note to William Raymond for his private purposes, and not for the benefit of the firm of John L. Gilliland & Co.  The counsel for the defendant Gilliland then called upon the plaintiffs to show the *consideration* given by them for the note, and on objection by the plaintiffs, the circuit judge sustained the call.  The plaintiffs thereupon proved that the firm of *Bullock, Lyman & Co.* failed in April, 1837, being at the time *indebted* to the plaintiffs in the sum of $12,000 ; that in June, 1837, they transferred the note in question together with other notes to the plaintiffs *in full satisfaction of their indebtedness* to the plaintiffs, and such indebtedness was *cancelled*.  The plaintiffs then requested the circuit judge to charge the jury that the transfer to them of the note in question by Bullock, Lyman & Co., was a transfer for a valuable consideration, though in satisfaction of a subsisting precedent debt, and that they were entitled to recover.  The judge refused to do so, and on the contrary, charged that the *defendants* were entitled to a verdict.  The jury found accordingly, and the plaintiffs now move for a new trial.

[ \*313 ]        \*S. *Stevens*, for the plaintiffs.

*M. T. Reynolds*, for the defendants.

*By the Court*, NELSON, Ch. J.  If an objection had been taken to the declarations of William Raymond, one of the defendants, as to his object in procuring the note, and the intended use of it, I think they should have been excluded, as the effect was to enable him to manufacture evidence to defeat an action against himself.  This is fundamentally wrong.  The fact that the note was procured, and passed away for his individual liabilities, should have been shown by other proof.  The whole defence rested exclusively upon his own declarations.  If this were sanctioned, the party might always qualify the legal effect of the making or endorsement of a paper in this way.  Even as the case stands, I doubt if the proof went far enough to let in the defence ; there is no evidence of the *actual transfer* by William Raymond for his individual purpose, which should have been affirmatively shown.

But conceding the evidence to have been competent and sufficient, I am of opinion the plaintiffs were still entitled to the verdict.  The evidence undoubtedly threw upon them the burden of proving that they received the note in the usual course of business, and for value.  This they did, as it came to them before maturity, and *in extinguishment* of a subsisting indebtedness.

We have frequently held that receiving a note for a *precedent debt* is not

receiving it *for value* within mercantile usage, 20 *Johns. R.* 637 ; 12 *Wendell*, 487 ; 14 *Id. S. C.* 57; 16 *Id.* 659; *see also* 13 *East*, 135, (*n*) ; 9 *Barn. & Cress.* 208; *Byles on Bills of Exch.* 20 ; but here was something more.   The note was taken in *satisfaction of the indebtedness, without recourse, and the debt discharged*, importing that it was received at the risk of the holder, and that unless available in his hands, he loses the demand. He has, therefore, trusted to the credit of the papers as effectually as if he had parted with the securities of third persons at the time, having discharged the personal responsibility of the *original debtors.     [* 314 ] This principle has been repeatedly recognized and acted upon, though perhaps never expressly adjudicated in this court.   20 *Johns. R.* 646.   *Woodworth*, J. 9 *Wendell*, 174.

It was said on the argument, that if the plaintiffs fail by reason of the defence here set up, .the original indebtedness would revive, and they be placed in as good a situation as before ; but that is an assumption aga-nst the fair import of the case ; for if the note was taken without recourse, and in extinguishment of the debt, it is gone.   Upon such a state of facts we are not at liberty to say the debt would certainly revive, and it would be unjust to deprive the plaintiffs of their security upon a mere speculation as to the revival, or possibility of another remedy.

New trial granted ; costs to abide event.