GLENDY BURKE, PLAINTIFF IN ERROR, *v.* ROBERT McKAY.

By the general law merchant, no protest is required to be made upon the dishonour of any promissory note ; but it is exclusively confined to foreign bills of exchange.

Neither is it a necessary part of the official duty of a notary, to give notice to the endorser of the dishonour of a promissory note.

But a state law or general usage may overrule the general law merchant in these respects.

Where a protest is necessary, it is not indispensable that it should be made by a person who is in fact a notary.

Where the endorser has discharged the maker of a note from liability by a release and settlement, a notice of non-payment would be of no use to him, and therefore he is not entitled to it.

THIS case was brought up by writ of error from the Circuit Court of the United States for the southern district of Mississippi. The suit was brought in the court below by the endorsee against the endorser of the following promissory note :—

$2800.                    *Clinton, Miss., January 20th,* 1837.

On the first day of January, eighteen hundred and forty, we, or either of us, promise to pay Robert Mathews, or order, twenty-eight hundred dollars, for value received.          R. E. STRATTON,
                                                                SAML. W. DICKSON,
                                                                B. GARLAND.

The note was endorsed thus:

I assign the within note to Robert McKay, and hold myself responsible for the same, waiving notice of demand and protest if not paid at maturity.                    ROBERT MATHEWS.
  *Clinton, 28th April,* 1838.

The note was then endorsed by McKay in blank, and passed with two intermediate endorsements, into the hands of Burke, a citizen of Louisiana, the plaintiff below, and also plaintiff in error.

On the trial, the plaintiff read the note and the endorsements thereon; he also read, by agreement of parties, a statement in writing of S. Humphreys, who was absent and sick, for the purpose of proving a demand and notice of non-payment to the endorser, to wit:—

UNITED STATES OF AMERICA,
  *State of Mississippi, Hinds county.*

By this public instrument of protest, be it known that, on this fourth day of January, 1840, at the request of James G. Paul, teller, the holder of the original note, of which a true copy is here endorsed, I, S. W. Humphreys, J. P., residing in the town of Clinton, Hinds county, Mississippi, qualified according to law, went to the house of Richard E. Stratton and presented the said note, and demanded payment, which was refused; I also went to the house of Samuel W. Dickson, and demanded payment, which was refused; I also went to the office of Burr Garland, in the town of Clinton, and there was no person of whom to make a demand.

Whereupon, I, the said S. W. Humphreys, J. P., and *ex officio* notary public, at the request aforesaid, do hereby solemnly and publicly protest the said note, as well against the drawer thereof as against the acceptors, endorsers, and all who are or may be concerned, for all exchanges or re-exchanges, costs, charges, damages, and interests, suffered, or to suffer, for non-payment of said note thus solemnly done and protested.

Given under my hand and seal, at my office at Clinton, the day and year above written.

S. W. Humphreys, J. P.  [seal.]
*Acting Notary Public.*

Notice of protest directed to R. E. Stratton, Mississippi.

Notice of protest directed to Saml. W. Dickson, at Brownsville, Mississippi.

Notice of protest directed to B. Garland, at Clinton, Mississippi.

Notice of protest directed to Robt. McKay, at Holmesville, Pike county, Mississippi.

Notice to Robert Mathews, directed to Carrollton, Carroll county, Mississippi.

Notice to Tho. E. Robins, cashier, directed to Vicksburg, Warren county, Mississippi.

All the above-named notices were put in the post-office at Clinton by me, on the 4th day of January, 1840, before 9 o'clock at night.

S. W. Humphreys, J. P.

The plaintiff also read in evidence the following admission of the defendant:—

The defendant, Robert McKay, in this case, admits that, at and before the first and fourth of January, 1840, he did reside at Holmesville, Pike county, Mississippi, and that the certificate of protest and sending notices, &c., made and signed by S. W. Humphreys, and filed in this case, shall be received as the evidence of said Humphreys, (who is sick, and cannot attend court,) and that said Humphreys, if present, would swear to all the facts stated in the said certificate.

Defendant also admits that, in a settlement with the makers of the note in the declaration mentioned, of and concerning two judgments defendant had against them upon two other notes of same amount which fell due 1st and 4th January, 1838 and 1839, this note was included; and defendant has released said makers from all liability to him on said notes; but defendant denies that he has ever received of said makers full payment of said note; and that, upon a compromise of all claims and controversies between them, he released said drawers as aforesaid from any liability to defendant. Defendant agrees that this statement shall be read and received upon the trial of this case by the court and jury.

Robert McKay.

*Nov.* 18, 1842.

The defendant admitted his residence was at Holmesville, Pike county, at the maturity of the note; and here plaintiff rested his case,

The court instructed the jury that, in order to charge the endorser of a promissory note, the plaintiff must prove that it was protested, on the day of its maturity, by a notary public, and demand made, and notice of non-payment given by him, That the statement of Humphreys admitted as evidence not proving that fact, they must find for the defendant; whereupon, a verdict for defendant was rendered.

The plaintiff, by attorney, excepted to the charge of the court before the jury left the box; which exceptions were signed and sealed, and ordered to be made a part of the record, which is done accordingly.                               S. J. GHOLSON. [SEAL.]

*J. Henderson*, for the plaintiff in error.

This action was brought in the Circuit Court of the United States for Mississippi, by Burke, as endorsee of a promissory note, against McKay, an endorser of the same note.

Due demand of payment of the makers of the note was made by a justice of the peace, acting *ex officio* as notary public. The note being dishonoured, was protested by said justice of the peace, and due notice of both non-payment and protest given to the defendant McKay.

It is agreed by the parties on the record that all these proceedings are regular, if the justice of the peace, officiating as a notary, might lawfully discharge such duties.

It is admitted by the defendant, McKay, that he had also previously settled with the makers of the note, and released them from its payment, though he had not then received payment of the money stipulated on settlement.

With this state of the case in proof before the jury, the court charged:—

"That in order to charge the endorser of a promissory note, the plaintiff must prove it was protested on the day of its maturity, by a notary public, and demand made, and notice of non-payment given by him. That the statement of Humphreys, admitted as evidence, not proving that fact, they (the jury) must find for the defendant."

And which being excepted to, verdict and judgment went according to the charge, and the instruction is now complained of as error.

Three points arise in the case :—

1. From the facts of the case, was the defendant entitled to any notice?

2. Is protest of a promissory note necessary?

3. If protest be necessary, was it legally made in this case by a justice of the peace officiating as notary?

The charge of the court has omitted any notice of the first point, and has, as we contend, decided erroneously on the second and third points.

We maintain,

1. That the defendant in this case is not, under his confession that he had released the drawers of the note from their responsibility, entitled to demand any notice of dishonour of the note in any form. He discharged every interest which entitled him to any notice whatever.

2. But if protest of notice might be required, then we insist all in this case was legally conformed to such requirement.

By statutes of Mississippi, Howard and Hutchins. 430, sect. 24, authorizes justices of the peace to perform duties of the notary public.

3. But our statutes in this respect make no change of the general law merchant, and protest of a note (contrary to the judge's charge) is not necessary. 6 Wheat. Rep. 151, 152; Anth. N. Prius, 1, and note.

Mr. Justice STORY delivered the opinion of the court.

This is a writ of error to the Circuit Court of the district of Mississippi. The plaintiff in error brought an action of assumpsit in that court, against the defendant in error, as endorsee upon a promissory note dated at Clinton, Mississippi, January 20, 1837, whereby R. E. Stratton, Samuel W. Dickson, and B. Garland, or either of them, on the first day of January, 1840, promised to pay Robert Mathews or order, $2800 for value received. The note was endorsed by Mathews as follows, "I assign the within note to Robert McKay, and hold myself responsible for the same, waiving notice of demand and protest, if not paid at maturity." The note was afterward endorsed by McKay, (the defendant,) as it should seem, in blank, and the plaintiff in error in his declaration made title as immediate endorsee to McKay.

At the trial of the cause upon the general issue, the plaintiff read the note and the endorsement, and also proved that, at the maturity of the note, due demand of payment was made of the makers, by S. W. Humphreys, a justice of the peace of Hinds county, Mississippi, styling himself "acting notary public;" who, upon the non-

Burke *v.* McKay.

payment, made due protest thereof, (the protest being by consent admitted as evidence of the facts,) and gave due notice thereof to the payee of the note and to all the endorsers. The defendant (McKay) also admitted that, in a settlement with the makers of the note, in some other transactions, the present note was included, and the defendant released the makers from all liability thereon, but he denied that he had ever received of the makers full payment of the said note; and that, upon a compromise of all claims and controversies between them, he released the makers from all liability to the defendant; and he agreed that the same statement should be read and received at the trial of the case by the court and the jury. The district judge (who alone sat in the cause) instructed the jury, that, in order to charge the endorser of a promissory note, the plaintiff must prove that it was protested on the day of its maturity by a notary public, and demand made and notice of non-payment given by him; that the statement of Humphreys, admitted as evidence, not proving that fact, they must find for the defendant. Whereupon the jury returned a verdict for the defendant, and judgment passed accordingly. A bill of exceptions was taken by the plaintiff to the instruction of the court at the trial; and the cause now comes before us upon the writ of error to examine the correctness of that instruction.

And we are all of opinion, that the instruction was incorrect, and not maintainable in point of law. In the first place, by the general law merchant no protest is required to be made upon the dishonour of any promissory note; but it is exclusively confined to foreign bills of exchange. This is so well known that nothing more need be said upon the subject than to cite the case of Young *v.* Bryan, 6 Wheat. R. 146, where the very point was decided. It is true that it is a very common practice for a notary public to be employed to make demand of payment of promissory notes from the makers, and also to give notice of the dishonour to the endorsers thereon. But this is a mere matter of convenience and arrangement between the holder and the notary, and is by no means a requisite imposed or recognised by law, as binding upon the holder. Unless, therefore, there be some statute in Mississippi, requiring the intervention of a notary in such cases, (as we understand there is not,) or some general usage equally binding, it is clear that the instruction proceeded upon a mistaken ground. In the next place, it is no necessary part of the official duty of a notary (subject to the like excep-

Burke *v.* McKay.

tions) to give notice to the endorsers of the dishonour of a promissory note, although certainly it is a very convenient and useful course in the transaction of such affairs in commercial cities. In the next place, if a protest were necessary, it is equally clear that it is not indispensable in all cases that the same should be actually made by a person who is in fact a notary. In many cases, even with regard to foreign bills of exchange, the protest may, in the absence of a notary, be made by other functionaries, and even by merchants. But where, as in Mississippi, a justice of the peace is authorized by positive law to perform the functions and duties of a notary there is no ground to say that his act of protest is not equally valid with that of a notary. *Quoad hoc* he acts as a notary. See Howard and Hutchinson's Statutes of Mississippi, ch. 37, sect. 24, p. 430.

In the next place, in the present case, under the circumstances, the endorser (McKay) was not entitled to any notice whatsoever of the dishonour. He had actually discharged the makers from all liability for the payment of the note by his release and settlement with them. Of course the notice could be of no use or value to him; for he would in no event be entitled to any recourse over against them; and, therefore, no notice to him would have been necessary, although it fully appears that he had received due notice of the dishonour.

For these reasons, we are of opinion that the judgment ought to be reversed and a *venire facias de novo* awarded.

#### ORDER.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, It is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby reversed with costs, and that this cause be, and the same is hereby remanded to the said Circuit Court with directions to award a *venire facias de novo.*