# PRESBREY v. THOMAS.

INSTRUCTIONS TO JURY ;—PARTNERSHIP ; JOINT AND SEVERAL
CONTRACTS ; JOINDER OF PARTIES IN ONE ACTION ;
USURY ; PROMISSORY NOTES, PROTEST OF.

1. Where a trial court in its charge presents the case fully and fairly to
the jury, nothing being said tending to mislead them, either as to
the law or the facts, the refusal to grant certain instructions, which
were correct in themselves, is not ground for reversal.
2. The liability of partners on partnership contracts, except where it is
of a special nature, is joint and several, and an *assumpsit* when
made is made by all and by each.
3. If two persons are joined as defendants in an action upon a contract
which imports an obligation or promise by both, but the proof
shows the liability of one only, a judgment may, under Sec. 827,
R. S. D. C., be taken against the one shown to be liable.
4. Usurious interest actually paid cannot be applied to the discharge of
the principal debt ; a suit for its recovery, brought within one
year, is the exclusive remedy ; *construing* Sec. 716, R. S. D. C.
5. In non-trading partnerships the partners have, *prima facie*, no implied
power to bind each other by commercial paper in the firm name.
6. Such power in an individual partner can only arise from the consent
of the other partners or from necessity or usage, the burden of
proving which is upon the holder of such paper.
7. It is not within the general scope of the authority of one partner to
make or endorse negotiable paper in the firm name, for the accom-
modation of third parties, and the holder of such paper with
notice of the nature of the endorsement, cannot recover against
the firm unless he can show the assent or ratification of the other
partners.
8. Where such an endorsement is apparently made in the regular course
of business, but the proof shows that the partner making the
endorsement acted fraudulently or in excess of his authority, the
burden of proof is on the holder of the paper to show that he
acted *bona fide* in taking the paper, and took it without notice,
before maturity and in the regular course of business.
9. Unless the holder of such paper shows that he is a *bona fide* holder
for value, without notice, a waiver in the firm name of notice of
demand and non-payment, by the partner making the endorsement,
would not bind his co-partner.
10. Official protest of a promissory note is not necessary in this District
to hold endorsers. The power given notaries public by Secs. 985
and 988, R. S. D. C., to demand payment of notes and to protest
for non-payment, is not exclusive of pre-existing methods of
demand and notice.

No. 63. Submitted June 15, 1893.—Decided September 21, 1893.

HEARING on a motion by the defendants for a new trial
on a bill of exceptions in an action upon three promissory
notes. *Judgment reversed.*

THE COURT in its opinion stated the case as follows:

The declaration in this case contains counts upon three several promissory notes, made by Green, payable to Presbrey & Green, partners, and by Green indorsed in the name of the partnership of Presbrey & Green, and delivered to Brand, who indorsed the same to the plaintiff. The notes sued on are renewals of former notes, and have indorsed thereon by Green, in the name of Presbrey & Green, waiver of notice of protest and demand. The declaration also contains the common money counts in assumpsit.

The first of these notes, dated 31st of January, 1888, is for $275; the second, dated Feb. 14, 1888, is for $225; and the third, dated Sept. 28, 1888, is for $500; and all the notes were at thirty days, and payable at the National Metropolitan Bank. The first two notes were made and indorsed by Green for the accommodation of Brand, and the third note, that for $500, was made and endorsed for the exclusive individual use of Green, the partnership of Presbrey & Green deriving no benefit whatever from the money obtained on either of the notes.

Brand was sued with Presbrey & Green, as indorser, but made no defense, and judgment was entered against him by default. Presbrey & Green, or rather Presbrey, as the representative of the firm, made defense, and pleaded not indebted as alleged, and, by several special pleas, alleged that the notes were wrongfully and without authority indorsed by Green, in the name of Presbrey & Green; that Presbrey had no knowledge thereof, and the partnership derived no benefit therefrom; that the indorsements made upon the notes by Green were in fraud of the partnership and therefore not binding thereon; and that the plaintiff had full knowledge of the fraud and want of authority at the time of taking said notes. It is also alleged that the plaintiff exacted and received when he originally bought, and upon each subsequent renewal of said notes, exorbitantly high rates of usury. Issues were joined and the case was tried, resulting in a verdict for the plaintiff for the full amount of all the notes.

The testimony given at the trial showed clearly that the two smaller notes were made and indorsed by Green for the accommodation of Brand, and that the one for $500 was for the individual use and benefit of Green, and that the partnership of Presbrey & Green had, as matter of fact, no participation in the transactions whatever. No evidence of notice of demand and non-payment was given, but the plaintiff relied solely upon the waiver of such notice, indorsed on the notes. On the question whether the plaintiff had knowledge of the want of partnership authority in Green to indorse the notes, the testimony is somewhat conflicting. But the plaintiff in his testimony admits that he had never made inquiry as to the firm of Presbrey & Green, and did not know them; but " that when Brand sold him the paper, he, Brand, told him of the character of the business of the firm." It appears from the evidence that Presbrey & Green were partners in business as attorneys and claim agents, and that they had advertised themselves as attorneys and claim agents and also as real estate and loan brokers.

At the close of the evidence, there were offered to the court on the part of the defendants a series of propositions to be given as instructions to the jury; but the court refused them all, and instead thereof charged the jury at large, both upon the law and the evidence. It was to the refusal to grant the prayers offered, and to certain parts of the charge as given, that the defendants excepted; and it is in respect to those rulings that errors are assigned on this appeal.

*Messrs. Shellabarger & Wilson, Mr. H. H. Wells & Mr. A. A. Hoehling, jr.,* for the appellants :

1. The contract sued on was the joint alleged indorsement of a copartnership, Presbrey & Green; yet the court below instructed the jury to find a verdict against Green, as maker. The declaration being only against the firm as indorsers, no recovery could be had for an individual liability of a member of the firm, as a maker. *Barry* v. *Foyles*, 1 Pet., 317 ; *Howes* v. *Patterson et al.*, 76 Ga., 689.

2. It was admitted by plaintiff, and proven at the trial, that usurious interest was paid and received by him on each of said notes, namely, legal interest, and five per cent. a month in addition. The amount of usurious interest paid should have been deducted from the principal sum. R. S. D. C., Secs. 715-716; *Starkweather* v. *Prince*, 1 Mac. A., 144; *Sullivan* v. *Snell*, 1 Mac. A., 585.

3. Under the undisputed facts of this case, the act of the defendant, Green, in wrongfully indorsing the firm name on said paper, cannot bind the defendants, Presbrey & Green, and it was the duty of the court below to so instruct the jury. *Bank* v. *Hume*, 4 Mackey, 90; *Fisher* v. *Hume*, 6 Mackey, 9. When it is shown that the firm name was signed by a partner, not in the usual course of business, but for his private benefit, the burden of proof is upon the holder to show that he acquired the paper in the usual course of business, for value, and under circumstances not affecting him with notice of fraud. *Bank* v. *Gilliland*, 23 Wend., 211; *Bank* v. *Cameron*, 7 Barb., 143; *Monroe* v. *Cooper*, 5 Pick., 412; *Hart* v. *Potter*, 4 Duer, 458; *Hogg* v. *Skene*, 34 L. J. N. S. C. P., 153; 1 Dan. Neg. Inst., Sec. 659, etc; 1 Morawetz on Corporations, note to Sec. 423. The powers of a partner do not extend to binding his firm by paper given or indorsed for the accommodation of others. *Stall* v. *Bank*, 18 Wend., 466; *Bloom* v. *Helm*, 53 Miss., 21; *Chenowith* v. *Chamberlain*, 6 B. Mon., 60; *Rollins* v. *Stevens*, 31 Me., 454; *Heffron* v. *Hanaford*, 40 Mich., 305; *Sweetser* v. *French*, 2 Cush., 309; *Vredenburg* v. *Logan*, 28 La. Ann., 941.

There was no evidence in the case that Green was in the habit, with the knowledge or consent *of Presbrey*, of making negotiable paper to the order of the firm, and of then indorsing it in the firm name, and putting it afloat; nor was there any evidence tending to show that the indorsing of said paper was an act fairly within the scope of the business of the firm.

*Mr. John Critcher* for the appellee:

1. The plaintiff has the right to sue the maker and indorsers together. R. S. D. C., Section 827, *Burdette* v. *Bartlett*,

95 U. S., 639. Rule 74 authorizes the plaintiff to take judgment against Brand who failed to appear, and then to proceed to trial against the other defendants. The declaration counts specially upon the notes: it alleges that Green made and the others indorsed, and then follows the money counts. Green did make the notes and has no defense. The suit is not against the firm only. The fact that Presbrey & Green are described in the title of the suit as doing business under the firm name of Presbrey & Green does not affect the question.

2. The court below was right in excluding evidence of usurious payments made on the notes in suit, before the institution of the suit. Such interest, although actually paid, could not be set off against the principal debt. *Stephens* v. *M. Nat. Bank,* 111 U. S.; *Walsh* v. *Mayer,* Id.; *Scott* v. *Leary,* 34 Md., 395 ; *Barnett* v. *Bank,* 98 U. S.; *Stafford* v. *Ingersoll,* 3 Hill, 38 ; *Carter* v. *Carusi,* 112 U. S.

3. If a partner, exceeding his lawful privileges, issues paper in the firm name, but not in their business, the partnership is nevertheless bound, at the suit of a bona fide holder. *1st Nat. Bank* v. *Morgan,* 73 N. Y., 593 ; *Silvestor* v. *Atkinson,* 45 Miss., 81 ; *Sedgewick* v. *Lewis,* 70 Pa. St., 217 ; *Irwin* v. *Williamson,* 110 U. S.

The CHIEF JUSTICE delivered the opinion of the Court:

There is no question of the right or power of the court, in the exercise of its discretion, to sum up the facts and charge the jury thereon, in lieu of separate propositions, offered by the respective parties for instruction, and thus submit the facts, with the proper inferences of law deducible therefrom, to the consideration of the jury. But, in pursuing this course, caution must be observed to separate the law from the facts, so that the jury shall be left entirely free to determine upon the facts, and then to apply the law as expounded by the court. No material fact should be assumed by the court to be established, if there be any real dispute in regard to the proof of its existence, nor should any material fact be omitted in the summing up by the court, as such omission is

calculated to mislead the jury. But where, upon examination of the entire charge, it is reasonably clear that the whole case within the issues made by the pleadings was fairly presented to the jury, without anything being said tending to mislead them, either as to the law or the facts, the Court of Appeals will not reverse because some of the propositions offered for instruction and refused were correct in themselves. Nor will the court be critical to find faults in the charge, if upon the whole it appears to be substantially correct.

By the fifth proposition offered, the defendants asked the court to instruct the jury that partners are *only jointly* liable, and that if it was found that the indorsements were made by the partner Green without authority, as explained in previous propositions, there could be no recovery against the firm, nor against either of the partners. The court was clearly right in rejecting this proposition, and in the instructions given as to the liability of Green. The liability of partners on partnership contracts, except it be of a special nature, is several as well as joint, and the *assumpsit* is made by all, and by each. *Barry* v. *Foyles*, 1 Pet., 311, 317. But this case is clearly within the express provision of Sec. 827 of Rev. Stat. Dist. Col., wherein it is provided, that " where money is payable by two or more persons *jointly or severally*, as by joint obligors, covenantors, *makers*, drawers, or *indorsers*, one action may be sustained, and judgment recovered against all or *any of the parties by whom the money is payable*, at the option of the plaintiff." In thus providing for the case of money payable by two or more persons is clearly meant where there is apparent liability of two or more persons, according to the terms or import of the contract sued on, and not as may be shown by the proof; for the contract may import an obligation or promise by two or more persons, and yet the proof show the money to be payable by and recoverable of one of the parties only. *Bibb* v. *Allen*, 149 U. S., 481, 502, 503, 504. Therefore, if the defense made had been sustained as to Presbrey, judgment could have been recovered against

Green as indorser, or, upon the common money counts, as maker. 2 Wheat., 385; 3 Gill & John., 369, 374; and he was in no position to resist such recovery. The judgment against him would in no manner bind or affect his co-partner.

The defendants, by their sixth proposition, prayed the court to instruct the jury that if it was found that the original transaction was tainted with usury, and that at each renewal thereafter usurious interest was paid, then all the payments of usurious interest should be deducted from the principal sum, and the verdict be for the balance only. The court, in rejecting this proposition, and in instructing that there could be no deduction from the principal sum of any usurious interest paid, was clearly right. Section 715 of Rev. Stat. Dist. Col., as construed by the Supreme Court of the United States, only forfeits the interest in cases in which the illegal interest has been contracted for, *but has not been paid ;* and the remedy given by Sec. 716 to *recover back* unlawful interest *actually paid* is exclusive; and that is by action brought for its recovery within one year from the time of the interest paid or taken. *Carter* v. *Carusi,* 112 U. S., 478. For the same reason the court was right in its ruling set out in the first bill of exceptions.

We come now to consider the principal questions in the case. And the first of these is as to the liability of the partnership on the indorsement of the notes made by Green, in the name of the firm of Presbrey & Green.

It is a settled principle in the law of partnership, that where a partnership is engaged in a *particular business,* and that fact is known, it is sufficient notice to third persons of the limitations which the nature and customs of that business place upon the power of each partner, and third persons dealing with a partner in matters not within the scope of its usual business, in order to charge the firm, *must show* the partner, so acting, to have been possessed of special authority to act for the firm. *Livingston* v. *Roosevelt,* 4 Johns., 251, 261, 270-71. Hence, it has been repeatedly held, that partnerships for working mines, farms, for the practice of the

professions, for doing work as contractors, and for conducting the insurance, real estate, and collecting business, and the like, are what are denominated non-trading partnerships, and the partners have, *prima facie*, no implied power to bind each other by commercial or negotiable paper in the name of the firm; and that such power in the individual partner can only arise from consent, ratification, custom, or the necessity or actual requirement in the particular business, or business of like character; and the burden is cast upon the party suing upon such negotiable paper to prove such authority, necessity, or usage. *Kimbro* v. *Bullitt*, 22 How., 256, 268 ; *Irwin* v. *Williar*, 110 U. S., 499, 506 ; *Dowling* v. *Exchange Bank*, 145 U. S., 512, 516 ; *Harris* v. *City of Baltimore*,. 73 Md., 22, 31 ; *Dickinson* v. *Valpy*, 10 B. & Cr., 128 ; *Brown* v. *Byers*, 16 M. & W., 252 ; *Brettel* v. *Williams*, 4 Exch., 623 ; *Smith* v. *Sloan*, 37 Wis., 285 ; *Deardorf* v. *Thacher*, 78 Mo., 128.

It is a principle equally well settled, that it is not within the general scope of the authority of a partner, whether of a commercial partnership or otherwise, to become surety, or to make and indorse paper for the accommodation of third parties, in the name of the firm, and with a view of binding the partnership. And where this appears on the face of the transaction, or is known to a subsequent holder of the note before taking it, the note is not binding on the firm, unless *such holder can show* the assent or subsequent ratification of the other partners. *Foot* v. *Sabin*, 19 John., 154; *Bank of Rochester* v. *Bowen*, 7 Wend., 159 ; *Sweetser* v. *French*, 2 Cush., 309 ; *Andrews* v. *Planters' Bank*, 7 Sm. & M., 192 ; *Fort Madison Bank* v. *Alden*, 129 U. S., 372, 381; Coll. on Part., Sec. 421, and cases collected in note. But the making or the indorsement of the note, or the waiver of demand and notice, may be fraudulent as against the firm, or in excess of authority of the partner, yet the firm will be held bound, if the act done is *apparently* in the course of the business of the firm, and the holder has no privity with the fraud, and can show that he acted *bona fide* and without notice in taking the

paper, and that it was taken by him before maturity, in the regular course of business. In such case, however, the *ou s* of proof is upon the holder of the paper. *Wilson* v. *Williams*, 14 Wend., 147 ; *Bank* v. *Gilliland*, 23 Wend., 311 ; *Wait* v. *Thayer*, 118 Mass., 473 ; *Early* v. *Reed*, 6 Hill 12 ; *Tanner* v. *Hall*, 1 Penn. St., 417, 4 Penn. St., 205. But if, to the knowledge of the party taking the paper, there be fraud or excess of authority by a partner in the indorsement of a note in the name of the firm, for his own individual benefit, or for the accommodation of a third person, not only is the firm not chargeable, but such partner cannot waive notice of demand and non-payment as to his co-partner. *Windham County Bank* v. *Kendall*, 7 R. I., 77; Parsons on Part., 211.

Here, the learned judge below determined as matter or conclusion of law, and so charged the jury, that the firm of Presbrey & Green was a non-trading firm. He also charged as matter of fact, that Presbrey did not consent to the indorsement of the notes, and knew nothing about them, and that the firm derived no benefit from them; and that they were made and negotiated exclusively for the individual benefit of Green and Brand. But, at the same time, he assumed it to be established as a fact in the case, and so charged, that the plaintiff bought and paid for the notes without knowledge of any infirmity or defect of authority in the indorsement of them, or that they were subject to any objection whatever. In other words, the jury was instructed that the plaintiff was an innocent purchaser and holder of the notes for value. By this assumption of fact as undisputed, the court disposed of the most material part of the defense of the defendants. For, whether there was good faith on the part of the plaintiff in taking the notes was a controverted question, and there was conflicting testimony in regard to it; and that being the case, the question should have been submitted to the jury, with proper instruction, for their determination.

But, in view of the admission of the plaintiff in his testimony, that he had been informed of the nature of the partnership business of Presbrey & Green before he took the

notes, that fact, in connection with the determination by the court that the partnership was of a non-trading character, and that the paper was not made and indorsed for the benefit of the partnership, or with the consent of the co-partner, made it incumbent upon the plaintiff, as we have already seen, to show that he was a *bona fide* holder for value, and that it was usual or customary, or was necessary for the transaction of the business of such partnership, for the partner to indorse such notes, or that there had been such general course of dealing as to give rise to an implied authority in the partner. But with respect to this *onus* of proof and as to the authority of Green to indorse the notes so as to bind the firm, the court instructed the jury, that if Green, when the original notes were made and indorsed, *was in the habit*, with the knowledge or consent of his co-partner, of making negotiable paper to the order of the firm, and then indorsing it in the firm name, and putting it in circulation; or, if the indorsing of the paper was an act within the scope of the business of the firm, as established by the evidence; or if it was such an act as would be fairly within the scope of such a firm, then the firm would be liable. But there was no sufficient evidence upon which to base such an instruction. There was an effort to prove that a note for $750 had been made by Green and indorsed in the name of the firm, on some former occasion, but the effort proved abortive. The note was not identified, and its existence was never brought home to the knowledge of Presbrey, if such note was ever made. And so one of the witnesses stated, that he had seen and handled paper indorsed by Presbrey & Green. But when, to what amount, and under what circumstances indorsed—whether by Green individually, as the present notes were indorsed by him, or whether Presbrey ever had knowledge of such paper, or that it was in any manner recognized by the firm—does not appear. Such proof furnished no basis for a rational conclusion as to the existence of any habit or custom of the firm, by one of the partners, of making or indorsing negotiable paper, with knowledge of all the partners, or that the

making and indorsing of such paper was fairly within the scope of the business of the firm. *Early* v. *Reed*, 6 Hill, 12. The instruction, therefore, left the jury to wild speculation upon this question; and this seems to have been the only question really submitted to the jury for their finding. In thus treating the case, we think there was error.

In the summing up and charge to the jury, there was no reference made whatever to the alleged waiver of notice of demand and protest of the notes. It is true, if the notes were made under such circumstances as would bind the firm and entitle the plaintiff, as *bona fide* holder thereof for value, to make demand and enforce payment of the notes, the waiver of demand and notice by Green, one of the partners, would excuse demand and notice as to the firm. *Rhett* v. *Poe*, 2 How., 483. But, as we have seen, this principle only applies where the person who receives the note and sets up the waiver is a *bona fide* holder, without knowledge that there was in the making or indorsing of the note any fraud, misconduct, or excess of authority, by the partner who signed or indorsed it; for in such case of fraud or excess of authority the waiver of demand of notice would be effectual means of accomplishing the fraudulent purpose of the unfaithful partner. Official protest of the notes, however, was not essential to entitle the plaintiff to recover thereon, as would seem to be supposed by several of the propositions offered by the defendants; but demand and notice of non-payment were essential to fix the liability of the indorsers, unless validly waived. *Young* v. *Bryan*, 6 Wheat., 146; *Burke* v. *McKay*, 2 How., 66. By Sections 985 and 988 of Revised Statutes of the District of Columbia, power is given to notaries public to make demand for payment of promissory notes, and to protest for non-payment; and the protest certifying to certain specific facts, is made *prima facie* evidence of those facts; but this is not exclusive of pre-existing methods of demand and notice.

We must reverse the judgment and direct a new trial.

*Judgment reversed and new trial ordered.*