MOQUIN et al. v. BENNETT.

(Supreme Court, Trial Term, Kings County. April, 1898.)

1. NOTE—BONA FIDE PURCHASER.
    A husband, carrying on his wife's business, and having a power of attorney to do all acts for her therein, including making bills and notes, made a note, signed in her name by him as attorney in payment of his individual debt. The payee informed a purchaser of the note that the husband owed him money, and that in that way the note was made. Held, the purchaser took with notice that it was given in payment of the husband's personal obligation.

2. SAME—BURDEN OF PROOF.
    In an action by an assignee of a note given by a husband in his wife's name for his personal obligation against the wife, where the husband had authority to give notes in her name in her business, but this note was given without her authority, or consideration to her, for his personal obligation, the burden was on the assignee to show it was taken without notice of such lack of authority.

Action by William C. Moquin and others against Annie R. Bennett on a promissory note. Judgment for defendant.

Charles S. Simpkins, for plaintiff.

Joseph L. Keane, for defendant.

GAYNOR, J. Either Mr. Wells or his wife Fannie E. Wells owed the plaintiffs a bill for coals. Mr. Wells presented to them the note in suit in payment, and it was accepted. The note being $140 in excess of the bill, the plaintiffs paid that sum to Mr. Wells in cash. The note is to the order of the said Fannie E. Wells, and purports on its face to have been made by "A. R. Bennett, per J. P. Bennett, Atty." J. P. Bennett is the husband of A. R. Bennett (the defendant), and at the time the note was made he was carrying on her business of coffee merchant, and held her written power of attorney to do all acts for her in the said business, including the making of bills and notes. I feel constrained to find that when the plaintiffs received the note they were informed that it was given by Mr. Bennett in payment of an indebtedness not of his wife but of himself to Mr. Wells. The plaintiff who testified says that on occasions when he demanded payment of Wells of his indebtedness to the plaintiffs, Wells said that Mr. Bennett owed him a great deal of money, and was going to pay in installments; and then he adds that in that way the note was made, or as he says, "paid." He makes no claim that this latter was information he acquired after he had received the note, but states it as something he knew when he received the note. This shows that the plaintiffs did not receive the note in good faith, viz., without notice or knowledge that it was made without consideration or authority, but the contrary, for J. P. Bennett, as the agent of his wife, had no authority to make a note for her to pay his own debt, any more than a partner, who is in law only agent for his firm, could make a firm note to pay his individual debt. It was proved in behalf of the defendant that she was not indebted to Mr. or Mrs. Wells, and that the note was given without any consideration, and without her authority. This put upon the plaintiffs the burden of showing that they took the note from Wells without knowledge or notice of such lack of authority. Daniel, Neg. Inst. § 369; Bank v. Gilliland, 23 Wend. 311; Bank v. Monteath, 26 N. Y. 505; Bank v. Cameron, 7 Barb. 143; Wilson v. Railroad Co., 120 N. Y. 145, 24 N. E. 384. This burden was not met.

Judgment for defendant.