WILLIAM C. MOQUIN et al., Plaintiffs, *v.* ANNIE R. BENNETT, Defendant.

(Supreme Court, Kings Trial Term, June, 1898.)

Principal and agent — Power of attorney to husband to make notes in wife's business.

A husband, who has a written power of attorney to make notes for his wife in her business as a coffee merchant, has no authority to make a note, on its face purporting to be made by him as her attorney, to pay his own debt to a third person and a subsequent transferee for value from the third person, who takes the note with notice that it was made without consideration or authority as to the wife, cannot enforce it against her.

ACTION on a promissory note.

Charles S. Simpkins, for plaintiffs.

Joseph L. Keane, for defendant.

GAYNOR J.: Either Mr. Wells or his wife Fannie E. Wells owed the plaintiffs a bill for coals. Mr. Wells presented to them the note in suit in payment, and it was accepted. The note being $140 in excess of the bill, the plaintiffs paid that sum to Mr. Wells in cash. The note is to the order of the said Fannie E. Wells, and purports on its face to have been made by "A. R. Bennett, per J. P. Bennett, atty." J. P. Bennett is the husband of A. R. Bennett (the defendant), and at the time the note was made he was carrying on her business of coffee merchant, and held her written power of attorney to do all acts for her in the said business, including the making of bills and notes. I feel constrained to find that when the plaintiffs received the note, they were informed that it was given by Mr. Bennett in payment of an indebtedness not of his wife but of himself to Mr. Wells. The plaintiff who testified says that on occasions when he demanded payment of Wells of his indebtedness to the plaintiffs, Wells said that Mr. Bennett owed him a great deal of money, and was going to pay in installments; and then he adds that in that way the note was made, or as he says, " paid ". He makes no claim that this latter was information

he acquired after he had received the note, but states it as something he knew when he received the note. This shows that the plaintiffs did not receive the note in good faith, viz., without notice or knowledge that it was made without consideration or authority, but the contrary, for J. P. Bennett, as the agent of his wife, had no authority to make a note for her to pay his own debt, any more than a partner, who is in law only agent for his firm, could make a firm note to pay his individual debt. It was proved in behalf of the defendant that she was not indebted to Mr. or Mrs. Wells, and that the note was given without any consideration, and without her authority. This put upon the plaintiffs the burden of showing that they took the note from Wells without knowledge or notice of such lack of authority (Daniel, sec. 369; Bank v. Gilliland, 23 Wend. 311; Exchange Bank v. Monteath, 26 N. Y. 505; Bank of Vergennes v. Cameron, 7 Barb. 143; Wilson v. Met. El. Railroad Co., 120 N. Y. 145). This burden was not met.

Judgment for defendant.