SCHOFIELD v. PALMER et al.

(Circuit Court, W. D. Virginia. December 22, 1904.)

1. COSTS—REQUIRING SECURITY FROM NONRESIDENT—SUIT BY RECEIVER OF NATIONAL BANK.

On motion therefor, defendants, sued by a nonresident receiver of a national bank, are entitled to require plaintiff to give security for costs, where such security would be required by the laws of the state under the conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), unless plaintiff by a certificate filed brings himself within the provisions of Rev. St. § 1001 [U. S. Comp. St. 1901, p. 713].

2. INTEREST—JUDGMENTS ON WRITTEN OBLIGATIONS—LEGAL RATE.

Under the law of Virginia, where an obligation bears interest at a specified rate a judgment thereon should be for the principal and interest thereon at the agreed rate until payment. Where no rate is specified, the judgment should be for interest at the legal rate in the state where the obligation is to be performed, which, in the absence of proof, will be presumed to be the same as in the state where the action is brought.

3. NOTES—PROTEST—EVIDENCE OF NOTICE TO INDORSER.

Under the law merchant it is not a part of a notary's official duty in protesting a note to give notice of dishonor to an indorser, and his certificate that he sent such notice is not even prima facie evidence of such fact in the absence of a statute making it so, or proof that the notary is not alive and capable of testifying.

4. ABATEMENT—SUIT PREMATURELY BROUGHT—NOTICE OF MOTION FOR JUDGMENT UNDER VIRGINIA STATUTE.

A notice of motion for judgment on a note under Code Va. 1887, § 3211 [Ann. Code 1904, p. 1686], which authorizes judgment on a contract for money to be obtained on motion after 15 days' notice to the defendant, if served before the liability of defendant has matured, is subject to a plea in abatement, the same as a declaration prematurely filed would be.

5. SAME—MATTER PROPERLY PRESENTED BY PLEA.

Matter in abatement dehors the record is properly presented by a plea in abatement.

6. NOTES—JOINT ACTION AGAINST MAKER AND INDORSER—DEFENSES.

Where one of two joint defendants alone pleads matter which is not merely personal to such defendant, but which goes to the right to sue, judgment cannot be rendered against the other defendant, if the plea be well taken. Code Va. 1904, § 3395, does not here apply.

7. JURISDICTION OF FEDERAL COURTS—ACTION BY RECEIVER OF NATIONAL BANK.

An action by a receiver of a national bank to collect a debt due the bank is one brought under authority of Rev. St. § 5234 [U. S. Comp. St.

134 F.—48

1901, p. 3507], and is within the jurisdiction of a federal court, regardless of the amount in controversy.

[Ed. Note.—Actions by and against receivers and agents of national banks, see note to McCartney v. Earle, 53 C. C. A. 398.]

At Law.

Daniel Trigg, for plaintiff.
White & Penn, for defendants.

McDOWELL, District Judge. These were sundry motions for judgment under section 3211, Code Va. 1887 [Ann. Code 1904, p. 1686], made by the receiver of a New York national bank. This statute, so far as now of interest, reads: "Any person entitled to recover money by action on any contract may * * * obtain judgment for such money after fifteen days' notice."

The plaintiff being a nonresident of this state, in each of the cases the defendants who appeared suggested the nonresidence of the plaintiff, and moved for security for costs. Under section 3539, Code 1887 [Ann. Code 1904, p. 1891], and section 914, Rev. St. U. S. [U. S. Comp. St. 1901, p. 684], I think these motions should be granted in those cases in which final judgment is not now to be entered. Miller v. N. & W. (C. C.) 47 Fed. 264. While I doubt if such certificate can be made, I shall adopt the suggestion made in Platt v. Adriance (C. C.) 90 Fed. 772, and allow the plaintiff, in lieu of security for costs, to file a certificate bringing the cases under the operation of section 1001, Rev. St. U. S. [U. S. Comp. St. 1901, p. 713].

In each of these cases the defendants moved to dismiss the plaintiff's motion on the ground that the notice given by the plaintiff is a "process," and that it is not under the seal of the court, etc., as required by section 911, Rev. St. U. S. [U. S. Comp. St. 1901, p. 683]. I have recently discussed this question in the opinion in Leas and Mc-Vitty v. Merriman (C. C.) 132 Fed. 510, and for the reasons there stated this motion of the defendants was overruled.

In each case where the note or bill sued on names the rate of interest at 5 per cent., I think the judgment should be for the principal and interest thereon at the rate agreed on until payment. 3 Minor's Insts. 386. Where no rate of interest is specified, I think judgment should be for interest at the rate of 6 per cent. per annum from maturity until payment. This is the legal rate in this state. No evidence of the legal rate in New York (the place of payment) was offered. While the rate of interest, where not specifically agreed upon, is to be determined by the law of the state of performance (3 Minor, 384), yet where there is no evidence of the rate under such law the courts here will presume that the statutory rate in New York is the same as the statutory rate in this state. 2 Phillips, Ev. note p. 49; Cox v. Morrow, 14 Ark. 603; Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 513; Dubois v. Mason, 127 Mass. 37, 34 Am. Rep. 336; Rape v. Heaton, 9 Wis. 328, 76 Am. Dec. 275; Piedmont Co. v. Ray, 75 Va. 823; Smith v. Smith, 19 Grat. 548; Wharton, Conflict of Laws, § 779; 27 Am. & Eng. Ency. (1st Ed.) 976.

In one of these cases, an indorser of the negotiable note sued on being a defendant, the only evidence offered that notice of protest had

been sent the said indorser was the notary's certificate to such effect. Under the law merchant it is not a part of the notary's official duty to give notice of dishonor, and his certificate that he had sent notice is not even prima facie evidence of such fact. 2 Daniel, Negot. Insts. (3d Ed.) §§ 959, 960; 2 Am. & Eng. Ency. (1st Ed.) 406; 4 Am. & Eng. Ency. (2d Ed.) 389; 3 Minor's Insts. 447; Chitty, Bills, 656; Byles, Bills (3d Amer. Ed.) (224) 331; Story, Prom. Notes (3d Ed.) 366; Nicholls v. Webb, 8 Wheat. 326, 331, 5 L. Ed. 628; Dickins v. Beal, 10 Pet. 582, 9 L. Ed. 538; Walker v. Turner, 2 Grat. 536; Burke v. McKay, 2 How. 66, 11 L. Ed. 181; Harris v. Robinson, 4 How. 336, 11 L. Ed. 1000; Sims v. Hundley, 6 How. 1, 12 L. Ed. 319; Union Bank v. Gregory, 46 Barb. (N. Y.) 98; Slaughter v. Farland, 31 Grat. (Va.) 134. Consequently the statute law of this state must alone be looked to for authority (there being no evidence that the notary is not alive and capable of testifying—Nicholls v. Webb, 8 Wheat, 331, 5 L. Ed. 628) for holding the notary's certificate even prima facie evidence that notice of nonpayment of the note sued on was mailed to the indorser. The state statute making such certificate prima facie evidence of what is stated therein was, I think, repealed by the act of December 24, 1903 (Acts 1902–03–04, p. 899, c. 569). 10 Va. Law Reg. pp. 66, 89; Pollard's Va. Code, p. 1495. The plaintiff, having moved therefor in due time (section 3387, Code 1887 [Ann. Code 1904, p. 1796]), may take a voluntary nonsuit, which amounts in this state to a dismissal without prejudice.

In one of these cases (No. 566) one of the notes sued on was made January 28, 1904, and is payable in New York four months after date. The notice of motion for judgment was served on the defendant on May 28, 1904. The defendant filed a plea in abatement, setting up the fact that by reason of legal holidays under the New York statutes the note did not mature until May 31st. The plaintiff demurred to the plea. While a notice of motion for judgment is to be viewed liberally (Pollard's Code, note p. 1688; 4 Minor's Insts. [3d Ed.] pp. 633, 1318; 2 Barton's Law Pr. [2d Ed.] p. 1040), I can think of no good reason for allowing such a notice to be given in advance of liability on the part of the defendant. Every reason for sustaining a plea in abatement to a writ or declaration where a regular action at law has been prematurely instituted applies to a notice of motion prematurely served on a defendant. If a notice of motion for judgment on a note is given in advance of its maturity, mere payment of the note on maturity may not prevent a judgment against the defendant. The fact of payment may not be made known to the court on the day of trial, and the defendant, in common prudence, must come to court with his evidence of payment, in order to be sure that no judgment will be entered against him. It is true, conceding fairness to the plaintiff, that when the defendant comes to court he will not find the motion on the docket. But the defendant may have had no notice that the plaintiff has not docketed the motion, and he had a right to act on the notice that was given him that the motion would unconditionally be made for judgment. If, when the defendant arrives at court, he learns that the motion has not been docketed, he has been made illegally to suffer a loss of time and the expense of the journey. While in an independent ac-

tion for damages he might recover against the plaintiff compensation for these losses, it is not the policy of the law that a debtor who pays his debts in full on maturity should be so harassed, and required to bring an action to secure compensation. It follows that judgment should now be rendered quashing the notice of motion in so far as it relates to the note in question, and judgment rendered for the defendant against the plaintiff for the cost of filing the plea in abatement.

In another case there were two defendants, the maker and the indorser of the note sued on. The notice in this case also was served before the maturity of the note. Only the indorser appeared, and he pleaded in abatement the premature service of the notice. The plea in abatement here calls for no further discussion than is found in the opinion in case No. 566, unless it be because the plea was filed only by the indorser. I may say, in passing, that where, as here, the matter in abatement is dehors the record, a plea in abatement is the most usual method of raising the objection. 16 Ency. Pl. & Pr. 879. From 1 Barton's Law Pr. (2d Ed.) p. 295, it seems that extrinsic matter of abatement can only be presented by plea in abatement. In 1 Chitty on Pleading (16 Am. Ed.) p. 469 (584) it is said:

"Pleas in abatement to the action of the writ are that the action * * * was prematurely brought; but as these matters are ground of demurrer or nonsuit, it is now very unusual to plead them in abatement."

But this is not authority for the proposition that a plea in abatement is an improper method of raising the objection. I have found no Virginia case directly in point, and, without controlling authority for denying the right to make the objection by plea in abatement, this method seems to me preferable to any other. It saves time and expense to thus raise the objection in advance of a trial on the merits.

The fact that the maker of the note did not file a plea in abatement would not make it proper to now render judgment against that defendant. The common-law rule that prevails in this state, as in a majority of the states, is that in a joint action the judgment must be against all the defendants or against none of them. The Virginia statute (section 3395, Code 1887 [Ann. Code 1904, p. 1801]; formerly section 19, c. 177, Code 1849) allowing judgment against less than all the joint contractors does not apply where one of the defendants alone files a defense which is not personal, but which goes to the plaintiff's right of recovery against all the defendants. Steptoe v. Read, 19 Grat. 1–9; Bush v. Campbell, 26 Grat. 403. It follows that the notice of motion for judgment should be quashed as to both defendants.

In another case the amount sued for is less than $2,000, and on this ground the notice of motion was demurred to. If the jurisdiction in this case was based on the diversity of citizenship of the parties, or on the ground that the case is one arising under the laws of the United States, the amount involved is too small. However, by Act March 3, 1815 (3 Stat. 245, c. 101; subsection 3, § 629, Rev. St.; U. S. Comp. St. 1901, p. 503), the federal Circuit Courts are given jurisdiction of all common-law suits where the United States, or any officer thereof, under the authority of any act of Congress, are plaintiffs, regardless of the amount involved. That the receiver here is suing un-

der authority of an act of Congress (section 5234, Rev. St. [U. S. Comp. St. 1901, p. 3507]) cannot be doubted. That he is an officer of the United States has been doubted (Thompson v. Pool [C. C.] 70 Fed. 725, 727), but the language used by the Supreme Court in Chetwood's Case, 165 U. S. 443, 458, 17 Sup. Ct. 385, 41 L. Ed. 782, and in Auten v. U. S. Nat. Bank, 174 U. S. 125, 141, 19 Sup. Ct. 628, 43 L. Ed. 920, seems sufficient to settle the doubt. In both these cases a receiver of a national bank is declared to be an officer of the United States. Many rulings of the subordinate federal courts to the same effect are cited in these opinions.