## MARCUS M. MARBLE *vs.* SULLIVAN MOORE.

Evidence that A. " bargained a hog to B. before it was altered, with an agreement that A. was to alter the hog and keep it until it fully recovered from the operation, if it did successfully recover therefrom, and if it did not so recover, then A. was to pay B. forty dollars," warrants, if it does not require, a finding that the sale to B. was unconditional.

REPLEVIN of a hog. Trial and verdict for the plaintiff in the superior court, before *Devens*, J., who allowed a bill of exceptions of which the material part was as follows :

" There was evidence tending to show that the defendant bargained the hog to Job Plympton before it was altered, with an agreement that the defendant was to alter the hog and keep it until it fully recovered from the operation, if it did fully and successfully recover therefrom ; if it did not so recover, then the defendant was to pay to Plympton forty dollars instead of the hog. The plaintiff contended that the sale was absolute in its terms, although he admitted that the hog was to be kept and altered by the defendant, and in case the hog died the defendant was to pay forty dollars therefor. Before the operation was

performed, Plympton bargained the hog to the plaintiff for a valuable consideration, of which the defendant had notice. Subsequently to said second sale [bargain], and after the hog had been operated upon and fully recovered, Plympton came to the defendant, claiming the right to sell the hog to the defendant, and did sell the same to him for a valuable consideration, and the hog never left the possession of the defendant until taken away by the officer on this writ. There was a conflict of evidence as to any authority given by the plaintiff to Plympton to dispose of the hog.

" The defendant requested the judge to instruct the jury that, if the hog was sold by the defendant to Plympton to be delivered after it had been altered and recovered from the operation, and if the hog did not recover, then the sum of forty dollars was to be paid to Plympton ; this was such a conditional delivery as would not enable Plympton to make a valid sale of the hog before it had fully recovered from the operation ; and if the sale to the plaintiff was before that event, then the title to the hog would not pass to him."

The judge declined so to instruct ; and instructed the jury as follows : " Upon the evidence the jury are to determine whether the sale was to take effect at once, or only upon the hog's being successfully altered, which was to be done by the defendant. If the contract of sale was only to take effect upon the hog's being successfully altered by the defendant, the sale was a conditional one and the property in the animal would not pass until this had been done. · If the sale was absolute in its terms, and to take effect at once, the fact that the animal was to be kept in the defendant's possession a short time to be altered by him, and in case that it should not be successfully altered, that the defendant was to pay forty dollars, would not destroy its absolute character, or deprive the vendee of his right to sell the same. Actual delivery was not necessary as between vendor and vendee, and if the sale was absolute from the defendant to Plympton, then Plympton could sell and convey a title to the plaintiff. If the plaintiff has shown that Plympton did, in fact, sell to the plaintiff, and, the sale to himself having been absolute, this fact

was made known to the defendant, then the defendant, to maintain his right to hold the hog, must satisfy the jury that he bought it back from the plaintiff, or of somebody authorized to sell it by the plaintiff, and if of Plympton, then that Flympton was authorized to sell it. The defendant alleged exceptions."

*W. A. Williams,* for the defendant.

*A. J. Bartholomew,* for the plaintiff.

CHAPMAN, C. J. Under the instructions given them, the jury must have found that there was an absolute, and not a conditional sale of the animal by the defendant to Plympton. There is nothing in the bill of exceptions to show that such a finding was not authorized by the evidence. On the contrary, we think the finding is in conformity with the legal effect of the contract as stated. Therefore, even if the judge ought to have stated the legal effect of the contract, yet, as the verdict is in accordance with what the ruling should have been, there is no ground of exception. *Ricker* v. *Cutter*, 8 Gray, 248.

*Exceptions overruled.*