LYMAN J. WAIT *vs.* JUSTIN THAYER & others.

Franklin. Sept. 29. — Oct. 22, 1875. AMES & ENDICOTT, JJ., absent.

In an action against the members of a trading partnership on a promissory note, which was signed by one partner in his own name, payable to the order of the firm, and indorsed by another partner in the firm name, there was evidence that when the note was signed and indorsed, the date and rate of interest were left blank, and were added by the maker in the presence of the plaintiff when he delivered the note to him; that the note was not negotiated for the benefit of the firm, but the maker applied the money received from the plaintiff to his own use. *Held,* that the form of the note and the circumstances attending its delivery did not give rise to any con clusive presumption of law that the note was an accommodation note, or amount

to conclusive proof of notice to the plaintiff that the maker had no authority to bind the other members of the firm thereby; and that whether the plaintiff had such notice or knowledge as ought to have put him on inquiry, were questions of fact for the jury.

CONTRACT against Justin Thayer, George Sergeant, Luke Lyman and Samuel F. Warner, copartners doing business under the firm name of Thayer, Sergeant & Company, on the following promissory note, signed "S. F. Warner," and indorsed "Thayer, Sergeant & Co." : "Northampton, Mass., Nov. 1st, 1872. One year from date, I promise to pay to the order of Thayer, Sergeant & Co., one thousand dollars, at ten per cent. interest, value received." Warner was defaulted. The other defendants answered, denying their liability. Pending the suit, Thayer and Sergeant died, and the action was prosecuted against Lyman alone. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows :

The defendants were a trading firm, engaged in the grain and flour business, having their office in Northampton. One Graves testified for the plaintiff that he was bookkeeper of Thayer, Sergeant & Co., and that the defendants were members of the firm, which was organized in 1867 and existed until February, 1873, when it was dissolved; that Sergeant indorsed on the note the signature of the firm. On cross-examination, the witness testified that he had seen the note before, some time about November 1, 1872; that the handwriting of the body of the note, except figure " 1 " of the date and the rate of interest, was in the witness' own hand; that Warner was present in the office of the company at Northampton, when the witness wrote it at Warner's request; that he saw Warner sign the note after the witness wrote it; that the note at the time Warner signed it was without the words "ten per cent. interest," and without the figure " 1 " of the date, these having been added since; that he saw Sergeant write the name of the firm on the back of the note within an hour after Warner signed it; that there was no further addition before Sergeant indorsed it, and Warner took the note from Sergeant the last thing before he (Warner) left the office; that the witness never saw the note again till after it had been protested; that Thayer and Lyman were both absent when the note was signed and indorsed. The witness also testified that the addition of the

words " ten per cent. interest " was in Warner's handwriting, and that the interest and figure "1" of the date were in the same colored ink ; that he had no knowledge when the figure "1" of the date or rate of interest were written in the note ; that he wrote the word "November" but not the figure "1."

The plaintiff offered to read the note to the jury, the defendant objected, but the judge allowed the note to be read, ruling that sufficient evidence of the execution and indorsement of the note had been introduced for that purpose. The defendant excepted.

After other evidence as to the demand on the maker of the note, and notice to the indorsers, the plaintiff rested his case.

The defendant asked the judge to rule that no *primâ facie* case had been made out ; that the evidence so far as offered tended to show, and did show, that the plaintiff took the note under circumstances which were of themselves notice to him that the indorsement was an accommodation indorsement for Warner, and that the defendant therefore would not be bound unless the plaintiff could show actual consent or ratification, and that the burden of proof to show this was on the plaintiff. The judge refused to rule on the question, unless the defendant rested the case upon the plaintiff's evidence. The defendant declined to rest his case, and excepted to the refusal to rule as requested.

The defendant then offered evidence tending to show that said Warner took the note to Greenfield, and there in the office of the plaintiff, and in the plaintiff's presence, wrote in the figure "1" of the date, and the words "ten per cent. interest ; " that he gave this note to take up another for the same amount which had been made a year before, and was executed in a similar manner, the blanks being left as above stated, and filled up by said Warner at Greenfield, in the plaintiff's office, and in the plaintiff's presence ; that on the occasion of making this former note the plaintiff let Warner have $1000, and Warner testified as a witness that he did not know that Sergeant, Thayer and Lyman knew anything about the writing in of the ten per cent. rate of interest.

It was in evidence that some months prior to taking the former note, the plaintiff had lent to the firm $900 on their note for that amount, and that that note had been paid through Warner a few days before the negotiation of the former note, the said nine hundred dollar note was signed in the firm name ; the plaintiff testi-

fied that he had no knowledge that the $1000 loan was not for the use and benefit of the firm. The plaintiff had no interviews or direct transactions respecting any of these notes with any member of the firm except Warner.

At the close of the evidence the plaintiff conceded that the money lent on the note went to Warner's private use ; and that Lyman had no knowledge of the indorsement of the firm name by Sergeant, and had at no time expressly authorized said indorsement, nor otherwise, except as the authorization might arise from the fact of his membership in the firm.

At the close of the evidence the defendant again contended that the form of the note and the circumstances attending the execution of the note were of themselves notice to the plaintiff that the note was for the accommodation of Warner, and that Lyman, not having concurred, could not be holden ; but the judge ruled that it was a question for the jury, and submitted the case to the jury upon instructions hereinafter stated, and which were not objected to by the defendant.

The defendant asked the judge to rule: 1. " That if the jury were satisfied that the note was in the hands of Warner the maker, and the party primarily liable thereon, at the time it was offered to the plaintiff, and when the money was received from him by Warner, that was of itself notice that the indorsement was for the accommodation of Warner."

2. " That if the jury were satisfied that the note was in the hands of Warner, the maker and party primarily liable thereon, in an incomplete state, at the time it was offered to Wait, bearing on it the indorsement of the firm in Sergeant's hand, and that before it was negotiated to Wait, and the proceeds were received by Warner, he wrote in the words ' interest at 10 per cent.' in Wait's presence, and in order to obtain the loan, that of itself would be notice that the note would not bind Lyman without his express consent or ratification."

The judge declined so to rule, but instructed the jury as follows : " Each partner in a trading firm, such as that of which Lyman was a member, has implied authority to bind the firm by simple contracts, made in their names, relating to the partnership, and within its general scope and ordinarily incident to its business, and thus to draw or accept bills of exchange, and to

make and indorse promissory notes. But if one of the partners without the consent of the others gives the note or indorsement of the firm for money borrowed for his private use, or gives such note or indorsement in payment of his private debt, the holder of the note, if he had notice, cannot collect it of the firm. And it is not necessary that express notice or knowledge, that the money borrowed is for the private use of the partner, or that it is given in payment of his private debt, should be fixed upon the holder of such note. Circumstances from which this knowledge may be inferred, or which ought to have put him on inquiry, are sufficient to exonerate the firm. It is now admitted that the note in suit, although indorsed by Sergeant, one of the firm, in the name of the firm, was in fact given for the private use and benefit of Warner, another partner, and who has been defaulted in this suit. And it is also admitted that the indorsement by Sergeant was made without the knowledge of Lyman. Against him the present plaintiff cannot maintain this action, if the defendant has shown, the burden of proof being upon him, that at the time he took the note in suit from Warner; and advanced his money upon it, the plaintiff had notice or knowledge that the money was for the private use of Warner, or if the circumstances under which he took the note and advanced his money were such as to authorize an inference of his knowledge, or which ought to have put him on inquiry as to the real character of the transaction. In determining this question it will be the duty of the jury to consider the manner in which this note was made and indorsed, the alterations or additions made in it by Warner in the presence of the plaintiff, the respects in which this note differs from that on which a loan of money was formerly made by this plaintiff to the firm, (the nine hundred dollar note,) and all other evidence in the case tending to show whether or not the plaintiff had notice or knowledge that the money he advanced on the note in suit was for the private use of Warner. And if the jury find that the plaintiff had such notice or knowledge, or that the proved facts and circumstances under which he took the note and advanced the money, were such as ought to have put him on inquiry, or from which his knowledge may be inferred, they should return a verdict for the defendant; otherwise they should find for the plaintiff."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. Delano*, for the defendant Lyman.

*C. C. Conant*, for the plaintiff, was not called upon.

WELLS, J.   Warner being a member of the firm whose indorsement appeared upon the note, the fact that he was also the maker of the note in his individual capacity did not give rise to any conclusive presumption that it was an accommodation indorsement, or that he negotiated the original loan and received the money for his own private use, and not as a copartner.

For the same reason the insertion by Warner of the date and rate of interest at the time of negotiating the loan, being within the apparent authority of a copartner, was not manifestly unauthorized.

The court could not therefore properly rule, as matter of law, that the form of the note and the fact that it was in the hands of Warner, who, upon its face, was the party primarily liable upon it, or the changes made in the note by Warner, and the other circumstances attending its negotiation, of themselves constituted notice or conclusive proof of notice to the plaintiff that the indorsement was for Warner's accommodation, or that Warner had not authority to bind all his copartners by his acts in regard to it.   It was a question of fact for the jury, upon all the circumstances of the case; and it was submitted to them upon instructions that appear to us to have been correct, appropriate and sufficiently favorable to the defendant.

*Exceptions overruled.*