CHRISTIAN FEIGENSPAN *vs.* PATRICK A. McDONNELL.

Suffolk.   January 18, 1909. — March 1, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Parties, Abatement. *Bills and Notes. Notary Public. Bankruptcy. Partnership. Evidence,* Presumptions and burden of proof, *Res inter alios.*

In an action against a member of a firm as an indorser of a promissory note by reason of an indorsement made by the defendant's partner in the firm name, where the partner who made the indorsement is not joined as a defendant, such nonjoinder can be taken advantage of only by an answer in abatement, and is not available as a defense at a trial of the case on the merits.

At the trial of an action on a promissory note against the second indorser, the certificate of a notary public, who protested the note, stating the maker's failure to pay it at maturity and notice to the indorser of the dishonor, under R. L. c. 73, § 13, is *prima facie* evidence of the facts thus stated.

Where the indorsement on a promissory note is in the name of a copartnership, by the express provision of R. L. c. 73, § 116, notice to one of the partners of the dishonor of the note " is notice to the firm, even though there has been a dissolution."

Under the bankruptcy act of 1898, § 11, a court in which an action of contract against a bankrupt is pending need not stay proceedings after the defendant's adjudication in bankruptcy, and may in its discretion enter judgment against him, while the bankruptcy proceedings still are pending as to his obtaining a discharge.

The fact that a promissory note signed by an individual, who is a member of a partnership, is made payable to his own order and is indorsed by him first in his own name and then in the name of the firm, does not give notice to a person who takes the note for value that the indorsement in the name of the firm was for the accommodation of the maker or that the maker is to receive the proceeds of the note for his private use.

A member of a commercial partnership, unless there are express limitations upon his authority, may borrow money for use in the business of the firm and issue in payment a promissory note of the partnership which will be binding upon his copartners although issued without their knowledge; and, even where there are limitations upon his authority, such limitations cannot affect a holder in due course who has no knowledge of them.

If a promissory note is made by one of two partners payable to his own order and is indorsed by him personally and in the name of the firm, and then without the authority or knowledge of his partner the maker of the note negotiates it and uses the proceeds for his individual purposes, and if his partner, after he has full knowledge of this transaction, agrees in the settlement of the affairs of the partnership to assume and pay the note, and subsequently on going into bankruptcy includes this note in his schedule and makes oath that it is an indebtedness due to the holder, this is a ratification of the note as an outstanding obligation of the firm.

In an action against one of two partners as the indorser of a promissory note made by the other partner and indorsed by him in the name of the firm, the defendant cannot be allowed to show that by an oral agreement between the defendant and his partner, made after the dissolution of the firm, the defendant's partner who made the note agreed to pay it because he had received commissions on sales of goods to the firm for which he had failed to account, as this agreement cannot affect the rights of the plaintiff who was not a party to it.

CONTRACT on a promissory note against Patrick A. McDonnell as a partner of the firm of Charles S. Gove and Company, by whom the note purported to be indorsed, that firm consisting of the defendant and Patrick J. Flynn, the maker and first indorser of the note, by whom it was negotiated. There also was a second count upon an account annexed for the price of certain casks of ale with a credit item for cash. Writ dated May 6, 1904.

The note was as follows:

"October 26, 1903.

"Four months after date I promise to pay to the order of myself one thousand dollars at any bank in Boston.

"Value received.                                        P. J. Flynn."

Indorsements: "P. J. Flynn, Chas. S. Gove & Company."

·In the Superior Court the case was tried before *Bell*, J.

During the trial the defendant offered one O'Brien as a witness to prove that Flynn had received secret commissions on the sale of whiskey while he was a member of the firm of Charles S. Gove and Company, for the purpose of showing the basis of a subsequent agreement between McDonnell and Flynn that the latter would pay the note held by the plaintiff, such agreement having been made, after the agreement for the dissolution of partnership, in consequence of McDonnell's discovery of the fact that Flynn had received secret commissions while a member of the firm which should have been turned into the firm. The judge excluded this offer of evidence, and the defendant excepted.

The defendant also offered one Conley as a witness that Flynn had told him before the commencement of this action that he had received secret commissions on the sale of whiskey. This evidence was offered for the same purpose as that of O'Brien. It was excluded by the judge, and the defendant excepted.

It appeared on evidence introduced by the plaintiff that the defendant was adjudicated a bankrupt on January 5, 1905, on a petition filed on September 3, 1904.

At the close of the evidence, the defendant asked the judge to make the following rulings:

" 1. Upon the evidence in the case, the plaintiff is not entitled to recover upon the issues raised in either or both counts of his declaration.

" 2. Upon the evidence, the plaintiff had notice that the name of Charles S. Gove and Company was put upon the back of the note in question for accommodation only, and for purposes outside of the scope of the purposes of the partnership."

" 4. As genuine drawers and indorsers are mere conditional debtors up to the period when their liabilities become fixed by notice of dishonor, if the jury find that through the fraud of P. J. Flynn a notice of dishonor or protest was issued and he as a partner with the plaintiff received and personally took the notice intended for C. S. Gove and Company so that the same never came to the notice of the defendant, the jury will be warranted in finding that the defendant never received notice of such dishonor or protest and the defendant would not be liable on this note.

"5. If P. J. Flynn as a partner of the firm of Charles S. Gove and Company indorsed the name of Charles S. Gove and Company on this note and the note was given for his private debt and it was known to be so by the plaintiff in taking the note, the defendant in this action is not bound by such indorsement unless P. J. Flynn as one of the partners, had previously consulted the defendant and obtained his consent and approval in putting said indorsement upon said note.

"6. If it appears upon all the evidence that P. J. Flynn acted as agent of Feigenspan in putting the name of C. S. Gove and Company upon the note in question an indorsement made by him under such circumstances would render the same invalid and ineffectual to carry any legal liability against the defendant."

" 8. If the plaintiff took this paper, meaning the note, under the circumstances which ought to have excited the suspicion of a prudent man, notwithstanding he had given full value for it, he cannot recover.

" 9. If it appears upon all the evidence that the promissory note in question was put into circulation by P. J. Flynn, the maker, the jury would be warranted in finding that the plaintiff Feigenspan took the note with notice that whatever indorsements were upon the note, were made for the benefit of Flynn and not in the ordinary course of business, for in the ordinary course of business the instrument or note would have passed from the hands of Flynn, the maker, to the payee or indorser.

"10. The partner Flynn had no authority without the assent of his partner McDonnell to sign the name of the partnership to a note for the individual debt of himself and the plaintiff Feigenspan, who took the note in question with knowledge, either from its appearance or otherwise, that it was made for the special accommodation of Flynn, cannot recover against McDonnell, the other partner, without showing McDonnell's consent to have the firm name indorsed thereon.

" 11. The fact that the defendant McDonnell upon the dissolution of the partnership with P. J. Flynn may have agreed to assume the personal debt or obligation of Flynn, does not in any way render McDonnell legally liable to the plaintiff Feigenspan, as there would be no privity of contract or right of subro-

gation between the two as there was no agreement in writing between the plaintiff and the defendant; that the defendant, McDonnell, would pay the debt of P. J. Flynn."

" 13. Upon all the evidence the plaintiff cannot recover in this action upon account of the bankruptcy petition whereby this defendant was duly adjudicated bankrupt on January 5th, 1905."

The judge refused to make any of these rulings.

He instructed the jury fully upon the law relating to the issuing of a note by one partner for his individual indebtedness or benefit, his right to issue and put in circulation a note made for the benefit of the copartnership, and what would amount to a ratification of the act of a partner who issued and discounted a bill or note for personal use, all without objection or exception. He also gave the third ruling requested by the defendant, which was as follows: " One partner cannot use or loan the name of his firm on his own private paper, because such use of the name is out of the regular course of business and it puts the receiver of such note or paper upon his inquiry."

The jury returned a verdict for the plaintiff on the first count, on the note, in the sum of $1,256.26. On the second count, on the account annexed, the jury returned a verdict for the defendant. The defendant alleged exceptions.

*H. N. Allin,* for the defendant.

*J. H. Blanchard,* for the plaintiff.

BRALEY, J. The nonjoinder of the defendant's co-promisor * could be taken advantage of only by an answer in abatement, and was not available as a defense at the trial on the merits. *Wilson* v. *Nevers,* 20 Pick. 20, 22. *Leonard* v. *Speidel,* 104 Mass. 356, 359.

If the plaintiff proved that he was a holder in due course, and that notice of non-payment had been given to the indorsers, Charles S. Gove and Company, then, under the answer, upon proof of their indorsement as a firm he was entitled to recover the face of the note with interest. R. L. c. 73, §§ 33, 132, cl. 2.

The notarial certificate, to control which no evidence was offered, furnished sufficient proof of the maker's failure to pay

---

* The defendant contended that Flynn was a necessary party defendant.

the note at maturity, and of notice of dishonor to the company, even if the partnership had been dissolved, and the defendant was not informed by his former partner of the protest. R. L. c. 73, §§ 13, 116, 122, 123.

Nor is the defendant's bankruptcy a defense. While a court in which an action in contract is pending against a bankrupt may after adjudication stay further proceedings pending the obtaining of a discharge, it is not required to do so, but can proceed to judgment. U. S. St. 1898, c. 541, § 11. *Rosenthal* v. *Nove*, 175 Mass. 559.

But, while these defenses are ineffectual, the defendant urgently contends that the delivery of the note was unauthorized and that the plaintiff took with notice of the infirmity. The partnership was engaged in the business of bottlers and wholesale dealers in liquors. It was composed of the defendant and one Flynn, by whom the note was made and issued with the indorsement of the firm name. But the tenor of the note and the order of the indorsements raise no conclusive presumption that the indorsement in the name of the firm was for the accommodation of the maker, or that upon negotiation he received the money for his private use. *Wait* v. *Thayer*, 118 Mass. 473. Unless there are restrictions limiting his authority, one member of a commercial firm may borrow money for use in their business and issue in payment the promissory note of the partnership, without knowledge of his associates, who will be bound by his action. *Reed* v. *Bacon*, 175 Mass. 407. But, even where there are such private limitations, they cannot affect a holder who takes the note without knowledge of them. *Stimson* v. *Whitney*, 130 Mass. 591, 594, 595.

If there was substantial evidence that the proceeds of the note had been used by Flynn for his private benefit, and that he hired the money for this purpose, using the firm's indorsement to obtain credit, the plaintiff put its right of recovery on two grounds, either that it took the note without knowledge of a defect in the title or of circumstances which should have put it upon inquiry, or that the defendant with knowledge of Flynn's use of the money had ratified his partner's act. Both questions were issues of fact upon which the plaintiff had the burden of proof. *Fillebrown* v. *Hayward*, 190 Mass. 472. *Mun-*

*roe* v. *Cooper*, 5 Pick. 412. In the statements made by Flynn and the plaintiff's agent, who were witnesses at the trial, as to the negotiations which led to the making of the original note of which the note in suit was a renewal, there was evidence to be submitted to the jury that the plaintiff acted in good faith and without notice of any infirmity. If they found these conditions, the plaintiff was a holder in due course. R. L. c. 73, § 73. *Fillebrown* v. *Hayward, ubi supra. Buzzell* v. *Tobin, ante,* 1.

There also was ample evidence of ratification. The defendant testified that he first was informed of the misappropriation after the firm books had been audited and he had received the report. Yet with this knowledge he engaged specifically in the agreement for settlement of the affairs of the partnership to assume and pay the note, which is recited to have been negotiated solely for the personal benefit of Flynn. Subsequently, after having gone into bankruptcy, he included this note in his schedule and made oath that it was an indebtedness due to the plaintiff. The jury would be warranted in finding from this evidence, which was properly admitted, that he recognized the note as an outstanding obligation of the firm. *Flagg* v. *Upham,* 10 Pick. 147, 149. *Swan* v. *Stedman,* 4 Met. 548. *Wheeler* v. *Rice,* 8 Cush. 205, 208, 209. *Knight* v. *Rothschild,* 172 Mass. 547. U. S. St. 1898, c. 541, § 7, cl. 8.

The offer of the defendant to show, that by an oral contract between Flynn and himself subsequent to the agreement of dissolution Flynn agreed to pay the note held by the plaintiff, because without the knowledge of the defendant he had received commissions for the sale of whiskey for which he had failed to account, was excluded rightly. The plaintiff was a stranger to the contract, and could not be affected by it.

An exception to the admission in evidence of the statement of condition referred to in the agreement for dissolution, not having been argued, must be treated as waived.

By the verdict in favor of the defendant on the second count the requests for rulings are confined to the first count. But of these the first, second and thirteenth should not have been given for reasons previously stated, and there was no evidence to which the sixth was applicable. The third was given, and the questions which in one form or another were raised by the

remaining requests were fully covered by the instructions to which no exceptions were taken. *Graham* v. *Middleby*, 185 Mass. 349.

*Exceptions overruled.*