GEORGE V. ROGERS *vs.* EUGENE B. ABBOT & another.

Suffolk. March 3, 4, 1910. — June 25, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Assignment. Bankruptcy. Receiver. Practice, Civil, Exceptions. Bond. Damages.*

An assignment executed by the receiver of the property of a corporation appointed by the United States District Court in bankruptcy proceedings, which transfers to the assignee " all bills receivable," includes a judgment obtained by the bankrupt corporation in an action for the price of a machine sold by it, where the judgment was obtained before the assignment but neither the receiver nor the assignee knew that the claim had been reduced to a judgment at the time the assignment was executed.

An assignment executed by the receiver of the property of a corporation, which under the general term "all bills receivable" transfers to the assignee a judgment for the amount of the price of a machine sold by the corporation, also transfers the right to sue on a bond to dissolve an attachment given in the action in which the judgment was obtained, the bond having taken the place of the lien acquired by the attachment and passing to the assignee as an incident of the bill receivable.

Where an assignment executed by the receiver of the property of a corporation under the general term " all bills receivable " transfers a judgment for the price of goods sold by the corporation, and thereby transfers to the assignee the right to sue on a bond to dissolve an attachment given in the action in which the judgment was obtained, *it seems*, that, this incidental transfer of the security

not being in writing, which is necessary under R. L. c. 173, § 4, to give the assignee the right to sue in his own name, in an action on the bond to dissolve the attachment brought by the assignee in his own name the objection that he has sued in his own name without authority will be sustained, if taken properly. In the present case the objection was not taken.

A common law assignment for the benefit of creditors made by a corporation within four months before the filing of a petition in bankruptcy is extinguished by an adjudication that the corporation is bankrupt.

Under the bankruptcy act of 1898, § 2 (3), the court of bankruptcy can appoint a receiver to take possession of all the property of a bankrupt, the title to which would vest in the trustee in bankruptcy, and may order a sale of the property in the hands of the receiver, if it is perishable. In the present case a sale of all the property in the hands of the receiver was made on the ground that it was perishable, and afterwards upon the petition of the trustee in bankruptcy the sale was confirmed by the court, so that no question could arise as to the ground on which the property of the bankrupt taken as a whole was considered to be perishable.

When a presiding judge, after having received evidence upon the subject, submits to a jury as a matter of fact the question whether upon the evidence a certain chose in action is included by the terms of an assignment in writing, it does not matter whether the judge in submitting the question to the jury misstates the evidence, because the question is one of law which should be determined by the judge, and, if the jury answer rightly the question of law which the judge should have decided, no one is harmed and there is no ground for an exception.

If a defendant in an action at law, against whom proceedings in bankruptcy are pending, goes to trial before obtaining a discharge in bankruptcy and without moving for a continuance until it can be determined whether he is entitled to a discharge, after a judgment has been obtained against him without his pleading a discharge in bankruptcy as a defense, it does not matter whether or not the debt sued upon was provable in bankruptcy so that a discharge would be a bar to it, because no discharge was set up as a bar.

In an action against the sureties on a bond to dissolve an attachment, of which the penalty was $1,000, after the jury had returned a verdict for that amount, the presiding judge ordered that execution should issue for a sum of about $900 with interest thereon from the date of the breach of the bond by the sureties, which was about two years and a half before the date of the writ, so that the amount for which execution was ordered to issue with interest thereon from the date of the breach exceeded the amount of the penalty of the bond with interest from the date of the writ. The defendant excepted to the order for the issuing of execution. *Held*, that, unless the plaintiff should remit the amount of the excess for which execution was ordered beyond the amount for which judgment could be entered, the exception to the order must be sustained.

LORING, J.   This is an action against the sureties on a bond to dissolve an attachment.  The attachment (which was dissolved) was made in an action brought by the Holmes and Blanchard Company on August 12, 1898, to recover " the price of a machine sold by " that company to the Philadelphia and Boston Face Brick Company.  The defendant in the original action (in which the bond to dissolve was given) was defaulted,

and judgment against it in the sum of $901.56 was entered on November 7, 1904. That judgment has not been paid.

The writ in the case at bar was sued out on April 4, 1907. The declaration counted on the failure to pay the judgment of November 7, 1904, within thirty days after its date. The action was brought by the plaintiff in his own name as assignee of the Holmes and Blanchard Company (the obligee named in the bond) under an assignment dated March 14, 1905, made by the receiver of its property appointed by the United States District Court in bankruptcy proceedings.

The defendants' first contention is that the claim sued on is not covered by this assignment. The assignment transferred to the plaintiff (*inter alia*) "all . . . bills receivable" of the Holmes and Blanchard Company. The claim on which the judgment against the Face Brick Company (the principal defendant in the action in which the bond to dissolve was given) was a debt due for the sale of a machine sold by the Holmes and Blanchard Company to the Face Brick Company. Such a debt is a bill receivable of the Holmes and Blanchard Company. The only doubt on the point arises from the fact that this claim had been reduced to judgment before the assignment. The explanation of the terms used in the assignment seems to be that neither the receiver of the Holmes and Blanchard Company (the assignor) nor the plaintiff (the assignee) knew that it had been reduced to judgment. This fact was testified to in terms and was not contradicted. We are of opinion that this bill receivable was covered by the assignment although it had been reduced to judgment.

The next objection set up is that the chose in action assigned was the bill receivable and that sued on is the bond to dissolve. But the bond to dissolve took the place of the lien acquired by the attachment on the property attached, and the lien acquired by the attachment was security for payment of the judgment recovered in the action to collect the bill receivable assigned to the plaintiff. Being security for the "bill receivable" assigned to the plaintiff it passed to him as an incident to the "bill receivable," under the familiar rule applied in cases like *Morris* v. *Bacon*, 123 Mass. 58; *Commonwealth* v. *Globe Investment Co.* 168 Mass. 80; *French* v. *Hall*, 198 Mass. 147. If the defendants had taken the objection that under these circumstances the

action could not be maintained in the plaintiff's name as assignee because the chose in action sued on had not been assigned in writing as required by R. L. c. 173, § 4, the objection would have had to be sustained. But that objection was not taken in any one of the thirty-nine rulings requested by the defendants.

The next objection taken by the defendants is that the receiver was not authorized to make this assignment. The receiver was in terms authorized to make an assignment of the bills receivable. This objection therefore resolves itself into the authority of the court to authorize the receiver to assign this bill receivable.

The defendants contend that there was no evidence of a formal transfer by the common law assignees to the receiver in bankruptcy and for that reason that this bill receivable did not pass under the assignment to the plaintiff. A general assignment for the benefit of creditors is in terms made an act of bankruptcy by U. S. St. 1898, c. 541, and is a fraud on the act (see § 3 (4)) and so void (see § 67 (e)). Of this there is no doubt, and it is recognized in *Reddy* v. *Raymond*, 194 Mass. 367, cited by the defendants to the contrary. Title to all property which passed to common law assignees vests in the trustee by force of U. S. St. 1898, c. 541, § 70.

The next contention is that a receiver cannot be authorized to make such a sale. The bankruptcy court can appoint receivers to take possession of all property the title to which would vest in the trustee, U. S. St. 1898, c. 541, § 2 (3), and may order a sale of the property in the hands of receivers, if it is perishable. The sale here in question was made on that ground. But it was afterwards confirmed by the court on a petition by the trustee. For that reason it is not necessary to state the grounds on which the property of this bankrupt taken as a whole was considered to be in the nature of perishable property.

This brings us to the exception to the ruling under which the judge * submitted to the jury the question whether the assignment covered this bill receivable.

Both the plaintiff and the receiver testified without objection that in the sale by the receiver to the plaintiff each had in mind

---

* *Hardy*, J.

this claim; and the presiding judge submitted to the jury as a question of fact the question whether this claim was covered by this assignment on this testimony and on the other evidence. The defendants' complaint is that in submitting this question to the jury he misstated the evidence. But that is of no consequence even if it be true. The question whether this claim was or was not covered by the assignment was a question of law and should have been determined by the judge. The jury decided it rightly and so the defendants were not harmed. *Ricker* v. *Cutter*, 8 Gray, 248. *Smith* v. *Faulkner*, 12 Gray, 251. *Marble* v. *Moore*, 102 Mass. 443. *Goodnow* v. *Davenport*, 115 Mass. 568.

The next exception argued by the defendants is to the ruling of the presiding judge that the claim here sued on was not provable as a debt in the bankruptcy proceedings against them. But whether the judge was right or wrong in that matter is again of no consequence. The defendants went to trial before obtaining a discharge in bankruptcy. Until a discharge is granted and is pleaded as a defense no question arises as to the debt sued on being or not being provable. If the defendants had wished to plead their discharge in bankruptcy as a bar, they should have moved for a continuance to see whether they procured a discharge, and if they did obtain one they should have pleaded it. The bankrupt is not entitled as of right to a stay of proceedings after he is adjudicated a bankrupt. *Rosenthal* v. *Nove*, 175 Mass. 559, 560, 563. *Feigenspan* v. *McDonnell*, 201 Mass. 341. In the case at bar, the defendants by an amendment to their answer in the present action on the bond filed and allowed on February 5, 1908, pleaded that they were adjudicated bankrupts on May 11, 1903, five years before. If the debt was provable in bankruptcy and so would have been barred by a discharge, the defendants did not take the proper steps to plead that defense. See in this connection *Hackett* v. *American Legion of Honor*, ante, 139.

After a verdict for the penal sum of the bond had been found by the jury " the court ordered that a finding or judgment be entered for the plaintiff in the sum of $901.56 and interest thereon from thirty days after November 7, 1904." * We con-

---

* The writ was dated on April 4, 1907. The verdict was returned on February 5, 1908.

strue this to be an order under R. L. c. 177 for issuing execution in the sum stated. There was a breach of the bond on the sureties' failing to pay the amount of the judgment within thirty days after its date. *Wright* v. *Quirk*, 105 Mass. 44. *Campbell* v. *Brown*, 121 Mass. 516. See also in this connection *Watertown Ins. Co.* v. *Simmons*, 131 Mass. 85; *Welch* v. *Walsh*, 177 Mass. 555. Execution therefore could be properly awarded in the sum adopted by the court if it did not exceed the amount for which judgment is to be entered on the verdict. The limit of the defendants' liability as sureties on the bond (and therefore the largest sum for which judgment can be entered) is the penal sum ($1,000) and damages for the detention thereof. *Harris* v. *Clap*, 1 Mass. 308, 314. *Warner* v. *Thurlo*, 15 Mass. 154. *Bank* v. *Smith*, 12 Allen, 243. The amount for which execution should issue would have been $901.56, with interest from November 7, 1904, had not that sum exceeded the amount for which judgment can be entered, namely, $1,000 with interest from April 4, 1907.

It follows that unless the plaintiff remits the amount of the excess for which execution was ordered beyond the amount for which judgment can be entered the exception to the order for which execution is to issue must be sustained, and that all other exceptions must be overruled.

*So ordered.*

*E. M. Brooks*, for the defendants.
*F. R. Hall*, for the plaintiff.