SAMUEL LANKOFSKY *vs.* PAUL N. RAYMOND & another.

Middlesex. January 14, 1914. — February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, & CROSBY, JJ.

*Bills and Notes,* Indorser, Notice of dishonor. *Agency.*

At the trial of an action against an indorser of a negotiable promissory note, a material question was, whether the defendant had been given proper notice of dishonor. There was evidence that the maker of the note was a nephew of the defendant, that the defendant at his request had been accustomed to indorse his commercial paper payable to the plaintiff, that, while the note in suit was being prepared and signed, the plaintiff was present at the defendant's house at the nephew's request, and that, directly under the defendant's indorsement and in his presence, the nephew had written his own name and, under that, the address to which a notice of dishonor addressed to the defendant afterwards was sent. Under his name as maker the nephew had written a different address. There was no evidence that the defendant had received the notice, and he testified that he did not reside or have a place of business in the city where the notice was sent during the year when the note was given and the notice was sent. *Held,* that there was evidence warranting findings that the nephew was acting for the defendant in writing the address to which the notice to the defendant was sent, and that it was intended to designate a proper address for such notice; and that under R. L. c. 73 § 125, a verdict for the plaintiff was warranted.

CONTRACT against Paul N. Raymond as the maker of a promissory note signed "Paul N. Raymond & Co.," and against C. M. Raymond as an indorser of the note. Writ in the Third District Court of Eastern Middlesex dated November 18, 1911.

On appeal to the Superior Court the case was tried before *Keating,* J. It appeared that the note was signed as follows:

Paul N. Raymond & Co.,
1047 Old South Building, Boston.

The material indorsements were as follows:

Raymond Skate Mfg. Co.
By C. M. Raymond, Treas.
C. M. Raymond
Paul N. Raymond
427 Medford Sq.,
Boston

The notarial certificate showed that notice of dishonor to C. M. Raymond was sent to the address "427 Medford Square, Boston, Mass."

Other material facts are stated in the opinion. At the close of the evidence, the defendant C. M. Raymond moved that a verdict in his favor be ordered on the ground that there was no evidence that he had received proper notice of dishonor. The motion was denied. There was a verdict for the plaintiff against both defendants in the sum of $112; and the defendant C. M. Raymond alleged exceptions.

The case was submitted on briefs.

*F. W. Doring,* for the defendant C. M. Raymond.

*M. W. Cohen & F. L. Simpson,* for the plaintiff.

BRALEY, J. The defendant C. M. Raymond alone contests, and denies liability upon the ground, that as an indorser he received no notice of the dishonor of the promissory note in suit. If an indorser has annexed an address to his signature, notice of dishonor must be sent to that address, even if he changes his residence, or may receive his mail at some other place. R. L. c. 73, § 125. *Bartlett* v. *Robinson,* 39 N. Y. 187. *Shelton* v. *Braithwaite,* 8 M. & W. 252. *Burmester* v. *Barron,* 17 Ad. & El. 828. See *Farnsworth* v. *Mullen,* 164 Mass. 112, 114, and cases cited.

The notarial protest shows, that notice was duly mailed, directed to the defendant at the address "427 Medford Sq., Boston" written immediately below the indorsement on the back of the note of himself, and Paul N. Raymond, who was the maker as well as an indorser. The defendant, however, testified, that he neither wrote nor knew of the address, and never received the notice, and during the year when the note was given, and matured, he did not reside nor have a place of business in the city. If there had been no further evidence, no sufficient notice had been shown. R. L. c. 73, § 125.

But upon the plaintiff's testimony the jury could find, that Paul N. Raymond, who signed in the presence of, and immediately after the defendant had affixed his signature, added the address. The address of the maker at a different place, however, having followed his signature on the face of the note, and, no notice to him as an indorser having been required, the jury properly could infer, that his only purpose was to designate the

place where notice to the defendant should be sent. R. L. c. 73, § 132, cl. 2. *Feigenspan* v. *McDonnell*, 201 Mass. 341, 345. It also appeared, that the maker was his nephew for whom the defendant had been accustomed to indorse commercial paper payable to the plaintiff, who at the maker's request had attended at the defendant's house, and was present while the note was being prepared and signed. The plaintiff, although he saw the nephew write the words, rightfully could assume from the unconditional delivery by the parties, that the note as it appeared was intended as a complete and regular negotiable instrument. R. L. c. 73, §§ 80, 81, 82, 83. The defendant, even if no previous authority had been given, could do by the hand of another what he might have done by his own hand, and the jury, to whom the question was rightly submitted, were amply warranted in finding from the circumstances, as their verdict for the plaintiff shows, that, with knowledge of what had been written, the defendant, notwithstanding his denial, ratified the act and adopted the address as his own. *Greenfield Bank* v. *Crafts*, 4 Allen, 447, 453, 454. *Bartlett* v. *Drake*, 100 Mass. 174. *Charles River National Bank* v. *Davis*, 100 Mass. 413. The defendant's request, that there was no evidence of proper notice of dishonor, could not be given, while the instructions to which he also excepted were appropriate and sufficiently full.

*Exceptions overruled.*