JAMES BROWN & others *vs.* LONDON & LANCASHIRE
INDEMNITY COMPANY OF AMERICA.

Suffolk. March 20, 1924. — June 12, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Corporation,* Officers and agents, Foreign insurance. *Agency,* Scope of authority. *Practice, Civil,* Ordering verdict. *Bond. Damages,* In action on bond.

A by-law of an insurance company doing business in this Commonwealth authorized the appointment of attorneys in fact with "full power and authority to sign and to seal with the Company's seal where required, all policies, bonds, recognizances, stipulations and all underwriting undertakings." By an instrument in writing it appointed a certain person its true and lawful attorney in fact "to sign and to seal with the Company's seal for and on its behalf as surety and as its act and deed, any and all bonds and undertakings." A bond was executed by the company as a surety with a condition that, if a defendant in a suit in equity should within thirty days after final decree therein pay to the plaintiff the amount recovered, the bond was to be void, and otherwise it was to be in full force. After the bond was given, a decree was entered in the suit dismissing as a defendant a trust company against which the plaintiff in the suit had acquired some rights, the decree being pursuant to a written agreement signed in the name of the surety com-

pany by the person denominated as its attorney in fact in the instrument above described, and the same person indorsed on the decree the surety company's name as assenting to its entry.   In a suit against the surety company upon the bond, the defendant contended that the dismissal of the action as against the trust company relieved it from liability as a surety on the bond.   *Held,* that

(1) As a matter of construction, the power of attorney was not restricted to the execution of an instrument in the company's name as surety;

(2) There were rightly admitted in evidence copies of documents in the office of the insurance commissioner showing, as to dates material to this case, the appointment by the surety company of the person named in the power of attorney as its agent with all the powers conferred upon him by the statutes of this Commonwealth, and showing also acknowledgment by the surety company of such agency for the transaction of such business as it was authorized to transact in this Commonwealth as a foreign insurance company and that the defendant was fully authorized to transact business in this Commonwealth as a foreign insurance company;

(3) The defendant was bound, in the light of the statutes of this Commonwealth, by the execution in its name of the agreement dismissing the trust company from the suit in equity and by the assent to the interlocutory decree to that effect;

(4) In the circumstances, such dismissal of the trust company as a party to the suit in equity constituted no defence in the action against the surety company on its bond.

In a suit upon a penal bond, where as a matter of law no defence was shown, it was proper to order the jury to find for the plaintiff in the amount of the bond and interest, and to assess damages in accordance with the evidence, although such assessment resulted in an amount larger than the penal sum of the bond and interest.

CONTRACT upon a bond given by Green and Hickey Leather Company as principal and the defendant as surety, and conditioned as described in the opinion.   Writ dated July 19, 1923.

In the Superior Court, the action was tried before *Morton,* J.   Material evidence is described in the opinion.   By order of the trial judge, a verdict was entered for the plaintiff in the penal sum of the bond and interest, $78,350, and damages were assessed in the sum of $87,329.79.   The defendant alleged exceptions.

*D. H. Fulton,* for the defendant.

*H. E. Warner,* for the plaintiffs.

RUGG, C.J.   This is an action on a bond.   The defendant is a foreign corporation authorized to do business in this

Commonwealth. It is recited in the bond that in a suit in equity by the plaintiffs against Green and Hickey Leather Company, an interlocutory decree had been entered on July 27, 1920, ordering that a bond be given or in default a special precept issue. The condition is that if said Green and Hickey Leather Company shall within thirty days after final decree pay to the plaintiffs the amount recovered, then the bond shall be void, otherwise in full force. The execution of the bond by the defendant and nonperformance of its condition were admitted by the defendant.

It appeared that the suit in which the bond was given, *Brown* v. *Green & Hickey Leather Co.* 244 Mass. 168, was filed on July 6, 1920. The State Street Trust Company was joined as a defendant. It is not necessary to narrate the facts touching the point, whether, by virtue of proceedings in the equity court, the plaintiffs acquired any rights against the State Street Trust Company or to property of the principal debtor in its possession. Although that is open to grave doubt, we assume without so deciding in favor of the defendant that they did acquire such rights. After the bond was given the State Street Trust Company was by interlocutory decree dismissed from the proceedings without prejudice. The decree was entered pursuant to a written agreement filed in court. That agreement contained the words that the obligation of the present defendant " as surety on the bond heretofore filed in said case shall remain in full force and effect with respect to any decree, if any, which may be entered against the defendant Green & Hickey Leather Company." The agreement was signed so far as concerns the present defendant in its name " By W. W. Hoblitzell, Attorney in fact. (Seal)." The interlocutory decree recited that it appeared to the court " that all parties together with the London & Lancashire Indemnity Company, the surety on the bond given by the defendant Green & Hickey Leather Company and on file in this case, consent thereto . . . " Indorsed upon the interlocutory decree was the assent of the defendant signed and sealed in the same form as to the agreement. Both the agreement and the assent were signed in the name of the defendant by

the same person who had executed the bond in the name of the defendant on which this action is brought, and the seal of the defendant was affixed by him to the bond, the agreement and the assent to the decree. By instrument in writing, he was appointed by the defendant its true and lawful attorney in fact " to sign and to seal with the Company's seal for and on its behalf as surety and as its act and deed, any and all bonds and undertakings." On this power of attorney was printed the by-law of the defendant pursuant to which he was thus appointed by its duly constituted officers. That by-law authorized the appointment of attorneys in fact with " full power and authority to sign and to . seal with the Company's seal where required, all policies, bonds, recognizances, stipulations and all underwriting undertakings."

As matter of construction, the power of attorney is not restricted to the execution of instruments as surety. The power is to sign and seal " bonds and undertakings " " as surety and as its act and deed." These words must be interpreted in the light of Massachusetts insurance statutes concerning the appointment of agents by foreign insurance companies and their powers. The laws in force in 1920 did not differ materially in the relevant sections from those in G. L. c. 175 to which reference will be made for convenience. By § 151, cl. 4, it is provided that " No foreign company shall be admitted and authorized to do business until . . . It has appointed as provided in section one hundred and sixty-three some residents of this Commonwealth as its agents therein." In § 163 are these words: " Upon written notice by a company authorized to transact business in the Commonwealth of its appointment of a person to act as its agent herein, the commissioner shall . . . issue to him a license which shall state in substance that the company is authorized to do business in the Commonwealth, and that the person named therein is the constituted agent of the company in the Commonwealth for the transaction of such business as it is authorized to transact therein. . . . Every company shall be bound by the acts of the person named in

the license within the scope of his apparent authority as its acknowledged agent while such license remains in force."

There were rightly admitted in evidence, (G. L. c. 175, § 16, c. 233, § 76,) copies of documents in the office of the insurance commissioner showing, as to dates material to this case, the appointment by the defendant of Hoblitzell as its agent with all the powers conferred upon him by the statutes of this Commonwealth; and showing also acknowledgment by the defendant of the agency of Hoblitzell for the transaction of such business as it was authorized to transact in this Commonwealth as a foreign insurance company; and showing further that the defendant was fully authorized to transact business in this Commonwealth as a foreign insurance company. The license issued to Hoblitzell showed that he was a constituted agent of the defendant " for the transaction, within his apparent authority as its acknowledged agent, of such business as it . . . [was] authorized to do in this Commonwealth."

It is manifest from this evidence in the light of our statutes that the defendant is bound by the execution in its name of the agreement dismissing the State Street Trust Company from the original action and by the assent to the interlocutory decree of the court to that effect. No discussion is needed to demonstrate that the signing of those papers was within the scope of the apparent authority of an acknowledged agent of the defendant to transact the business it was authorized to do within the Commonwealth.

It follows that the defendant was bound by the action of its agent in assenting to the dismissal of the State Street Trust Company from the original suit and cannot be heard to complain of it. Such dismissal under the circumstances disclosed constitutes no defence to the liability of the defendant on its bond. The court rightly directed a verdict for the plaintiff. It becomes unnecessary to consider the other defences urged.

By order of the court the jury returned a verdict for the plaintiffs in the penal sum of the bond and interest, namely, $78,350; and by order of the court the jury assessed damages

in the sum of $87,329.79, being the amount which the plaintiffs recovered in the suit referred to in the condition of the bond. There was no error of law in this procedure. The maximum for which the defendant can in any event be held liable is the penalty of the bond with interest from the date of its default on the bond. Up to that amount as the maximum; the surety may be held for the damages actually sustained by the obligee on the bond. For more than that amount the surety cannot be held no matter how great may be the damages sustained by the obligee. Judgment is entered for the penal sum of the bond. G. L. c. 235, § 9. That may include interest from the date of default. In order that the record of the court may show the sum for which execution ought to issue, it is desirable that there be upon the record of the court an authorized and authentic determination of the damages sustained by the plaintiff. If that is more than the penal sum of the bond, with interest, it cannot enhance the liability of the surety. If it is less than the penal sum of the bond the surety gets the benefit. In any event the amount for which execution is to issue is made plain by resort to the court record. *Bank of Brighton* v. *Smith,* 12 Allen, 243. *Rogers* v. *Abbot,* 206 Mass. 270. *Newburyport* v. *Davis,* 209 Mass. 126, 131. *Harmon* v. *Weston,* 215 Mass. 242, 250. *Rowe* v. *Peabody,* 207 Mass. 226, 237.

*Exceptions overruled.*